CARROLL, DONALD, Acting Chief Judge.
The appellant was convicted of the crime of receiving stolen property by the Circuit Court for Bradford County and has *682 appealed from his judgment of conviction and sentence.
The question presented for our determination in this appeal is whether the State violated the appellant’s rights under the 4th and 14th amendments to the United States Constitution and Section 12 of the Declaration of Rights in the Florida Constitution, F.S.A. in that the cigarettes introduced into evidence at the trial were obtained as a result of an unreasonable search and seizure.
The defendant was informed against for receiving at a named time and place stolen property, merchandise of the value of over $100, the property of Hackney Company, Inc., a corporation. There was ample evidence at the trial to support the jury’s verdict that the appellant was guilty of this charge.
However, during the trial the State introduced into evidence, received by the trial court over the appellant’s objection, 7y2 cases of cigarettes (the merchandise referred to in the information). Those cigarettes had been received by the appellant, a retail grocer, from an admitted felon, who with his confederates had the same day stolen the cigarettes from his employer, the Hackney Grocery Company. The cigarettes were unloaded and placed in the back storeroom of the appellant’s store. There was evidence that the appellant and the felon arrived at a price for the cigarettes and that the former made a down payment on the agreed purchase price.
During the next afternoon three law enforcement officers and a state beverage agent arrived at the appellant’s store, which was closed, and then went to the appellant’s house, where they met him. The beverage agent questioned the appellant about the cigarettes and then told him that he, the agent, had the right to search the premises without a search warrant. The defendant then accompanied the officers to the storeroom where one of the deputies proceeded to seize the cigarettes.
At the time of the said search the appellant possessed a beverage license for the sale of beer for consumption on the premises. The beverage agent testified that he was going to make a routine check of the premises, the purpose of such inspection being to see if any stolen cigarettes were present on the premises. The conclusion is irresistible from the testimony that the search and seizure in this case were made without a search warrant and that at the time the four officers arrived on the appellant’s premises, they had no intention to conduct a routine inspection to enforce the beverage or cigarette tax laws of the state.
The right of the people to be secure against “unreasonable searches and seizures” is guaranteed by the 4th and 14th amendments to the United States Constitution and by Section 12 of the Declaration of Rights in the Florida Constitution of 1968.
The said 4th amendment provides:
“The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.”
This amendment was held enforceable against the states through the 14th amendment by the United States Supreme Court in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct.1684, 1689, 6 L.Ed.2d 1081 (1961). That court also held in Gouled v. United States, 255 U.S. 298, 41 S.Ct. 261, 65 L.Ed. 647 (1921) that a place of business constitutes protected premises under the terms of the said 4th amendment.
Section 12 of the Declaration of Rights in the Florida Constitution of 1968 provides to the same effect as the 4th amend *683 ment to the U. S. Constitution. That section reads as follows:
“Searches and seizures. — The right of the people to be secure in their persons, houses, papers and effects against unreasonable interception of private communications by any means, shall not be violated. No warrant shall be issued except upon probable cause supported by affidavit, particularly describing the place or places to be searched, the person or persons, thing or things to be seized, the communication to be intercepted, and the nature of evidence to be obtained. Articles or information obtained in violation of this right shall not be admissible in evidence.”
In our opinion, there was no evidence at the trial to support a factual finding that the appellant waived his constitutional protection from unreasonable searches and seizures or consented to the search without a search warrant. As the District Court of Appeal, Second District of Florida, held in Talavera v. State, 186 So.2d 811 (Fla.App.1966), it is encumbent upon the state to establish clearly a waiver of search and seizure rights and: “A distinction is recognized * * * between submission to apparent authority of an officer and unqualified consent. Mere acquiescence in a search is not necessarily a waiver of a valid search warrant. Rather, for an occupant to waive his rights, it must clearly appear that he voluntarily permitted or expressly invited and agreed to the search, being cognizant of his rights in the premises * * We think there was, at most, nothing more in the present case than mere acquiescence in the search on the part of the appellant.
The only possible statutory authority for the beverage agent’s above-mentioned assurance to the appellant that he could search the premises without a search warrant must be found in certain sections of the State Beverage Law, as follows:
Section 562.031, Florida Statutes, F.S.A., provides as to beverage licensees:
“Inspection and search of licensed premises. — Licensees, by the acceptance of their license, agree that their places of business shall always be subject to be inspected and searched without search warrants by the authorized employees of the beverage department and also by sheriffs, deputy sheriffs and police officers during business hours or at any other time such premises are occupied by the licensee or other persons.”
This provision must be read in pari materia with the provisions of Section 561.07, Florida Statutes, F.S.A., reading as follows, relative to the duties of the employees of the State Beverage Department:
“Employees; powers and duties. — All employees authorized by the director shall have access to and shall have the right to inspect the premises of all licensees under the beverage law and under the cigarette law, now in effect or which may hereafter be reenacted, to collect taxes and remit them to the officers entitled to them and to examine the books and records of all licensees. Such authorized employees shall require of each licensee strict compliance with the laws of this state relating to the transaction of such business and shall have all the power of deputy sheriffs in the enforcement of the beverage law and the cigarette tax law of this state, and in the prosecution of offenders against such laws.”
Reading the above two statutory provisions together, as we must, we are of the opinion that the authority of a beverage agent to search the premises of a beverage licensee without a search warrant is restricted to occasions in which the beverage agent is acting in good faith “in the enforcement of the beverage law and the cigarette tax law of this state, and in the prosecution of offenders against such laws.”
*684 In the case at bar the testimony established that, when the four officers searched the appellant’s premises, their only intention was to find the stolen merchandise, and the enforcement of the law making it a crime to receive stolen property is not among the duties assigned to employees of the State Beverage Department under the beverage law. Therefore, the agent had no authority to search the appellant’s premises without a search warrant. The agent’s doing this violated the appellant’s constitutional rights, as discussed above. The court’s admission into evidence of the merchandise so seized in the warrantless search constitutes, in our opinion, harmful, reversible error as a matter of law.
Therefore, the judgment appealed from herein must be, and it is, reversed, and the cause is remanded for further proceedings consistent with the views hereinabove set forth.
Reversed and remanded with directions.
WIGGINTON and RAWLS, JJ., concur.