HENDRY, Judge.
The state has taken an interlocutory appeal from an adverse decision on appellee-defendant Hatten’s motion to suppress. Appellee was informed against for buying, receiving or concealing stolen property. On a motion to suppress, an evidentiary hearing was held a month before the trial. The court initially overruled the motion, but on granting mistrial at the trial and reviewing Carter v. State, Fla.App.1970, 238 So.2d 681, granted the motion.
The prosecution has presented three related contentions. It asserts, in summary, that the trial court erroneously failed to apply the plain view doctrine and erroneously failed to sustain the reasonableness of the search and seizure as incident to a lawful arrest.
On October 18, 1962 defendant appellee executed an “affidavit of buyer” as a condition to securing an alcoholic beverage license for his grocery store. The affidavit contained an agreement allowing inspection of the premises during business hours without a search warrant by beverage department and law enforcement officers.
*17 On September 28, 1971, beverage agents investigated a complaint of sale of untaxed cigarettes and liquor; they conducted a warrantless search of the store premises during business hours. They found violations of both the cigarette and beverage laws. One agent continued his search after arresting the defendant and found a closed paper bag behind the counter. The paper bag contained several pieces of small jewelry in smaller paper bags. The agent testified that appellee changed his demean- or and became extremely nervous, telling the agent, “You don’t have any business in there. I don’t want you looking in there. That belongs to my wife.” One charm bore a name other than that of defendant, and a ring was engraved with the initials “O.J.” The agent also found a loaded pistol.
One of the beverage agents called the Metropolitan Police. An officer arrived and telephoned his sergeant first telling him these facts, and then requesting instructions from the sergeant as to what to do with the seized property. The sergeant recognized the description of two of the items as being recently stolen and instructed the officer to take custody of the property.
The defendant was ultimately charged with buying, receiving, or concealing stolen property. Before trial, the court at a hearing on defendant’s motion to suppress initially denied the motion. However, during the trial, the judge reversed himself and granted the defendant’s motion to suppress at about the same time he granted defendant’s motion for mistrial. The state prosecuted an interlocutory appeal from the granting of the motion to suppress.
We generally agree with the State that under State v. Gustafson, Fla.1972, 258 So.2d 1 the search in the instant case may be sustained as being incident to a lawful arrest. Therefore, the trial court erred in sustaining defendant’s motion to suppress. We refrain, however, from specifically deciding the related issue of whether the trial court erred in ruling that the search and seizure could not be sustained under the plain view doctrine.
Reversed.