McNULTY, Judge.
The state appeals pursuant to § 924.071, F.S.1969, F.S.A., from an interlocutory order suppressing certain evidence. We reverse.
Defendant-appellee is the owner and operator of a drug store which is licensed by the state pursuant to Chapter 465, F.S. 1969, F.S.A., known as the “Florida pharmacy act.” On June 3 and 4, 1970, agents of the Florida board of pharmacy, in company with local law enforcement officers, entered appellee’s store without a search warrant and seized three prescriptions from his business records. Thereafter the information herein was filed in the court below charging appellee with having dispensed a certain nervous system stimulant without prescription in violation of the Florida Drug Abuse Law, § 404.001 et seq., F.S. 1969, F.S.A. Subsequently, the same or other agents of the pharmacy board, again accompanied by local law enforcement officers and again without a search warrant, re-entered appellee’s place of business. This time they seized a numbering machine, several prescriptions and other printed material. Appellee contends, and the lower court agreed, that the foregoing searches were “unreasonable” and condemned by the Fourth Amendment of the Constitution of the United States and by § 12, Declaration of Rights, Florida Constitution, F.S.A. The evidence was suppressed. We disagree.
Section 465.131, F.S.1969, F.S.A., provides in pertinent part as follows:
“The Florida board of pharmacy and its duly authorized agents, members and employees . . . shall have the power to inspect in a lawful manner at all reasonable hours any retail drug establishment or other place in the state in which drugs or medical supplies are manufactured, packed, packaged, made, stored, sold, offered for sale, exposed for sale or kept for sale for the purpose :
(1) Of determining if any of the provisions of this chapter, or any regulation promulgated under its authority, is being violated, and
***** He
(3) To secure such other evidence as may be needed for prosecution under this chapter.”
Now, there is no dispute but that each of the aforementioned warrantless searches and seizures was made during business hours and in and about the licensed premises, and there is no evidence that they were conducted in other than a peaceful manner. Nevertheless, it is argued that a seizure made pursuant to the foregoing statutory section is proscribed by the aforesaid constitutional prohibitions and that it was so held by the United States Supreme Court in Camara v. Municipal Court[1] and in See v. Seattle.[2] Not so.
*880 Both Camara and See involved authority to enter and inspect ordinary businesses for compliance or non-compliance with municipal fire and/or building codes. Neither is applicable here. Rather, this case is controlled by the overriding considerations discussed in Colonnade Catering Corp. v. United States,[3] which sustained a federal statute essentially similar in principle to ours. There the United States Supreme Court said:[4]
“. . . Congress has broad power to design such powers of inspection under the liquor laws as it deems necessary to meet the evils at hand. The general rule laid down in See v. City of Seattle, supra, 387 U.S. [541], at 545, 87 S.Ct. [1737] at 1740 [18 L.Ed.2d 943, at 947] — 'that administrative entry, without consent, upon the portions of commercial premises which are not open to the public may only be compelled through prosecution or physical force within the framework of a warrent procedure’ — is therefore not applicable here. In See, we reserved decision on the problems of ‘licensing programs’ requiring inspection, saying they can be resolved ‘on a case-by-case basis under the general Fourth Amendment standard of reasonableness.’
* ‡ * * * *
We deal here with the liquor industry long subject to close supervision and inspection. As respects that industry, and its various branches including retailers, Congress has broad authority to fashion standards of reasonableness for searches and seizures . . . .”
Obviously, the distinguishing principles are that in Camara and See the governmental intrusion was aimed at an ordinary business while in Colonnade it was aimed at a business historically and properly subject to strict governmental scrutiny, i. e., the liquor industry. Analogously, and unquestionably we think, the manufacture, possession, dispensing, sale and trafficking of drugs are no less amenable to governmental scrutiny and control than are such activities as they relate to liquor. Indeed, in this unhappy period of history, they are probably more so.
We hold at the outset, therefore, that § 465.131, supra, is not an unreasonable exercise of police power and that there is nothing unreasonable in terms of Fourth Amendment sanctions in permitting officers to enter, without a warrant, a licensed premises for purposes of inspecting all aspects of the licensed activity and to seize any evidence of illegal exercise thereof. Moreover, neither probable cause to believe nor suspicion that illegal activity is or has been going on is necessary. An inspection with or without suspicion is validly authorized as a method or aspect of permissible regulation and control.[5]
Appellee suggests, nevertheless, that the “administrative searches” herein were void because they were in fact pre-textual and a subterfuge in that the board of pharmacy agents had no reason to search for or seize the subject evidence herein. They did so, it is said, only at the instance of the local law enforcement officers who, under the provisions of § 465.-131, supra, were not authorized to search or seize on their own without a warrant. He relies on Carter v. State;[6] But such reliance is misplaced. That case is patently distinguishable from the one before us and from the rationale in Colonnade, supra.
In Carter a grocery store, licensed to sell certain alcoholic beverages, was searched *881 for “stolen goods” (cigarettes) under circumstances which clearly demonstrated that such search was pretextually made under the pretense of “inspecting” the licensed activity. We agree that such an intrusion is unreasonable. But here the search by authorized agents was limited to and was within the scope of the licensed activity itself, i. e., the sale and dispensing of drugs; and it was not a pretextual search merely because another law enforcement agency had a concurrent or common interest therein and either procured such search to be made by the authorized agents and/or accompanied them. Moreover, if the pharmacy agents had authority to search ivithout suspicion, how could such authority abate upon their becoming suspicious? And what difference would it make, if they were suspicious, that such suspicion arose from liaison with local law enforcement officers?
 Furthermore, we can assume that the local law enforcement officers in this case may have had ample basis for a search warrant so as to authorize a search of their own. But it is irrelevant in any event because such fact certainly could not operate as a forfeiture of the authority to search without a warrant which was vested in the board of pharmacy agents by virtue of § 465.131, supra, independently of any inchoate, plenary, or warrant-directed authority in others.
Finally, and concerning the seizure, if pharmacy agents operating under the authority of the aforesaid statutory provision turn over to local authorities any seized evidence of a crime, such fact doesn’t vitiate the seizure nor render it a pretext simply because such evidence is not first, or indeed ever, used in administrative disciplinary proceedings. It is devoutly hoped that such agents would turn over inculpa-tory evidence for criminal prosecution whether administrative procedures were held or not; and we can see no relevance thereof to the question of validity of the seizure in the first instance. Appellee’s argument on the validity of the search and seizure herein falls of its own weight.
All other points raised on appeal are either without merit or, in view of our disposition hereof, are rendered moot. The order appealed from is reversed and the cause is remanded for further proceedings.
Reversed.
PIERCE, C. J., and MANN, J., concur.

. (1967) 387 Ü.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930.

. (1967) 387 U.S. 541, 87 S.Ct. 1737, 18 L.Ed.2d 943.

. (1970) 397 U.S. 72, 90 S.Ct. 774, 25 L.Ed.2d 60.

. Id., at p. 76 et seq., 90 S.Ct. at p. 777.

. We do not mean to imply, of course, that unbridled inspections may be made in such a manner and with such frequency that they constitute undue harassment of the licensee or undue disruption of his business. There is no question of that before us and we need not now circumscribe administrative discretion as to investigatory routine.

.(Fla.App.1970), 238 So.2d 681.