287 So.2d 313 (1973)
James D. OLSON, Appellant,
v.
STATE of Florida, Appellee.
No. 43110.
Supreme Court of Florida.
December 19, 1973.
Gerald C. Surfus, of Nelson, Stinnett, Surfus, Payne, Hesse & Cyril, Sarasota, for appellant.
John J. Blair, State's Atty., and Richard W. Seymour, Asst. State's Atty., for appellee.
ERVIN, Justice.
This is an appeal from the decision of the District Court of Appeal, Second District, in State v. Olson, Fla.App., 267 So.2d 878, wherein the District Court held that F.S. Section 465.131, F.S.A., authorizing the Florida Board of Pharmacy and its agents to inspect retail drug establishments for the purpose of determining if the provisions *314 of F.S. Chapter 465, F.S.A., or any regulations of the Board thereunder are being violated and to seize and secure evidence therefrom in connection with such inspection "as may be needed for prosecution under this chapter," is not an unreasonable exercise of the police power under the Fourth Amendment to the United States Constitution.
It is apparent that the District Court has passed upon the validity of the subject statute and that our jurisdiction to hear this appeal exists.
We readily agree with the District Court that F.S. Section 465.131, F.S.A., is constitutional. However, we do not agree with that court as to the application of the statute in the circumstances of this case.
From a careful inspection of F.S. Section 465.131, F.S.A., along with all of the provisions of Chapter 465, we do not find that warrantless searches may be made in aid of state prosecutions of prior alleged offenses under statutes other than F.S. Chapter 465, F.S.A. Particularly, we do not find that Section 465.131 authorizes warrantless searches for prosecutions under F.S. Chapter 404, F.S.A., as in this case.
F.S. Section 465.131, F.S.A. provides as follows:
"465.131 Authority to inspect.  The Florida board of pharmacy and its duly authorized agents, members and employees and the department of law enforcement and its duly authorized agents, members and employees shall have the power to inspect in a lawful manner at all reasonable hours any pharmacy or other place in the state in which drugs and medical supplies are manufactured, packed, packaged, made, stored, sold, offered for sale, exposed for sale, or kept for sale for the purpose:
"(1) Of determining if any of the provisions of this chapter, or any regulation promulgated under its authority, is being violated; and
"(2) Of securing samples or specimens of any drug or medical supply after paying or offering to pay for such sample or specimen; or
"(3) Of securing such other evidence as may be needed for prosecution under this chapter."
A cursory reading of that section discloses that such inspections and warrantless searches and seizures are limited to aid in the enforcement of regulations which are either administrative in nature looking toward the possibility of suspensions and revocations of pharmaceutical licenses under F.S. Section 465.22(1), F.S.A., or which are prescribed as criminal violations under F.S. Section 465.18, F.S.A.
There is no authority in Section 465.131 for a warrantless search and seizure in aid of a state prosecution under F.S. Section 404.02, F.S.A. Criminal laws and enforcement procedures therefor are strictly construed. The doctrine expressio unius est exclusio alterius appears to preclude Section 465.131 from providing for warrantless searches in aid of other statutes than Chapter 465.
F.S. Section 465.18(2)(c), F.S.A. makes it a crime for a pharmacist to dispense a drug defined in F.S. Section 465.031(5), F.S.A. without first being furnished with a prescription, but the charge herein against Appellant, a pharmacist, is that he "did illegally and feloniously deliver or cause to be delivered a central nervous system stimulant, to wit: amobarbital and methamphetamine, to one Lois Marie Schrock."
As Appellant strenuously contends, it appears to us the warrantless search and seizure of certain prescriptions from the business records of his retail drug establishment was not relevantly connected in aid of the administrative suspension or revocation powers of the Florida Board of Pharmacy or to aid in any criminal prosecution under F.S. Section 465.18, F.S.A. Purely *315 and simply, the warrantless search made herein was in aid of a prosecution under the drug statute, Chapter 404. The search here is beside the mark as Chapter 465 now reads.
If the Legislature sees fit to extend this warrantless search and seizure police power of the Florida Board of Pharmacy to aid in state prosecutions under other criminal statutes, apparently it may do so pursuant to the rationale of such cases as Colonnade Catering Corp. v. United States, 397 U.S. 72, 90 S.Ct. 774, 25 L.Ed.2d 60 (1970), and United States v. Biswell, 406 U.S. 311, 92 S.Ct. 1593, 32 L.Ed.2d 87 (1972).
Fair and equal treatment of citizens requires that owners and operators of business establishments be accorded the full protection of the Fourth and Fifth Amendments to the United States Constitution against harrassment and intrusion of government agents and self-incrimination from their own papers and effects, except in those exceptional situations where the public welfare demands different treatment for them and only then when the exceptions are made plainly to appear in the governing statutes.
Reversed.
CARLTON, C.J., and ROBERTS, ADKINS, McCAIN and DEKLE, JJ., concur.
BOYD, J., dissents with opinion.
BOYD, Justice (dissenting).
I respectfully dissent.
To determine legislative intent, one must consider Florida Statutes, Chapter 465, F.S.A., controlling pharmacies, and Florida Statutes, Chapter 404, F.S.A., prohibiting drug abuse. Together, the acts clearly provide that state drug inspectors shall be authorized to inspect the stock and records of pharmacists at any reasonable time to detect and prevent violation of the drug control laws of Florida.
The Fourth Amendment of the Constitution of the United States prohibits only unreasonable searches. Those who are vested with the right to handle the purchase, possession, and sale of life-saving drugs have an awesome and unique responsibility. They must be constantly ready to show they are not violating the trust given to them by the State. The very purpose of the inspections is to determine that there are no violations of law relating to drugs. This includes the right to determine whether the drug abuse law is being violated.
Knowing of the reservation for state inspection, each licensed pharmacist agrees to all reasonable drug inspections by the state when licensed and waives the right to object when he is weighed in the balance and found wanting.
Pharmacists generally, like most other professionals, are highly ethical and are willing to submit to state control to eliminate misconduct by those who would profit from drug abuse.
I see no violation of the rights of appellant and respectfully dissent.