HERSEY, Judge.
Affirmed. See Boynton v. State, 64 So.2d 536 (Fla.1953); Carter v. State, 238 So.2d 681 (Fla. 1st DCA 1970); Olson v. State, 287 So.2d 313 (Fla.1973). As we interpret these cases the following language from Carter, 238 So.2d at 683, (quoting a portion of Section 561.07, Florida Statutes) aptly describes the present state of Florida law as we must apply it to the facts before us:
[W]e are of the opinion that the authority of a beverage agent to search the premises of a beverage licensee without a search warrant is restricted to occasions in which the beverage agent is acting in good faith ‘in the enforcement of the beverage law and the cigarette tax law of this state, and in the prosecution of offenders against such laws.’
The cases prohibit a warrantless search where entry is premised upon suspicion of a crime other than those specified in the particular statute which permits the limited-purpose entry.
Such a subjective standard may be somewhat self-defeating but the policy behind the rule is beyond the authority of this court to attempt to plumb and modify.
Accordingly, we affirm.
AFFIRMED.
ANSTEAD, C.J., and HURLEY, J., concur.