449 So.2d 413 (1984)
Gerald W. GETTEL, Appellant,
v.
STATE of Florida, Appellee.
No. 83-2066.
District Court of Appeal of Florida, Second District.
May 4, 1984.
Ernest M. Jones, Jr., and Douglas A. Lockwood III, Lakeland, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Gary O. Welch, Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
Defendant appeals the trial court's denial of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Defendant's motion alleged ineffective assistance of counsel because his privately-retained attorney did not file a motion to suppress certain evidence used in the prosecution of defendant. We affirm the denial of defendant's motion.
Defendant was convicted of twenty-eight counts of delivery of a controlled substance in violation of section 893.13, Florida Statutes (1981). Defendant's conviction and sentencing were affirmed by this court on appeal. 442 So.2d 1011 (Fla.App. 1983). Thereafter defendant filed the motion for post-conviction relief. After an evidentiary hearing on defendant's allegations, the trial court denied the requested relief.
Defendant was a pharmacist who was convicted for allegedly filling forged prescriptions. The prescriptions in evidence at the trial were obtained from the pharmacy's *414 files by a deputy sheriff and an investigator from the Department of Professional Regulation, the state agency regulating pharmacies and pharmacists. The deputy and the investigator were investigating an informant's claim that defendant had sold the informant drugs pursuant to the fraudulent prescriptions. They did not have a search warrant when they entered the pharmacy and seized the prescriptions, apparently relying upon section 893.07, Florida Statutes (1981), which requires every person who dispenses controlled substances to maintain certain records of each substance sold and to make those records "available for a period of at least 2 years for inspection and copying by law enforcement officers whose duty it is to enforce the laws of this state relating to controlled substances."
In his motion for post-conviction relief, defendant alleged that his trial attorney should have filed a motion to suppress the seized prescriptions because the prescriptions were illegally seized. Defendant argues that Olson v. State, 287 So.2d 313 (Fla. 1973), requires the suppression of the prescriptions. We disagree.
Trial counsel's failure to file a motion to suppress the prescriptions was not ineffective assistance of counsel because we find that the motion to suppress would not, even if filed, properly have been granted. There was no prejudice to defendant in the failure to file such a motion.
In Olson, Board of Pharmacy agents and other law enforcement agents made a warrantless seizure of pharmacy records pursuant to section 465.131, Florida Statutes (1969), which provided as follows:
465.131 Authority to inspect.  The Florida Board of Pharmacy and its duly authorized agents ... and the department of law enforcement and its duly authorized agents ... shall have the power to inspect ... any pharmacy ... for the purpose:
(1) of determining if any of the provisions of this chapter, or any regulation promulgated under its authority, is being violated, and
(2) of securing samples or specimens of any drug or medical supply ...; or
(3) of securing such other evidence as may be needed for prosecution under this chapter.
The supreme court in Olson held that the warrantless seizures authorized by section 465.131 were limited to those intended to enforce the provisions of chapter 465. The court stated that section 465.131 did not authorize warrantless seizures in aid of a prosecution under section 404.02, Florida Statutes (1969). The court held that the search in Olson was not connected with proceedings under chapter 465 but was in aid of a prosecution under chapter 404, and was, therefore, illegal.
If the Legislature sees fit to extend this warrantless search and seizure police power of the Florida Board of Pharmacy to aid in state prosecutions under other criminal statutes, apparently it may do so pursuant to the rationale of such cases as Colonnade Catering Corp. v. United States, 397 U.S. 72, 90 S.Ct. 774, 25 L.Ed.2d 60 (1970), and United States v. Biswell, 406 U.S. 311, 92 S.Ct. 1593, 32 L.Ed.2d 87 (1972).
Olson, 287 So.2d at 315.
Subsequent to Olson, the legislature did extend the warrantless search and seizure power by enacting section 893.07, Florida Statutes. Section 893.07 was enacted in 1973 as part of a major legislative revision of the Florida drug abuse laws. Ch. 73-331, § 7, Laws of Fla. Apparently no similar provision was contained in the Florida statutes at the time of the 1970 search in Olson. The 1969 statutes did contain record keeping and record inspection provisions similar to those later enacted in section 893.07, but those provisions limited the inspection authority to officers and employees of the Division of Health and the Department of Health and Rehabilitative Services. See §§ 404.05 and 404.06, Florida Statutes, (1969).
Unlike the prior provisions of sections 404.06 and 465.131, Florida Statutes (1969), section 893.07, Florida Statutes (1981), authorizes inspection by any law enforcement *415 officer "whose duty it is to enforce the laws of this state relating to controlled substances." Section 893.07 is part of the Florida Comprehensive Drug Abuse Prevention and Control Act, Chapter 893, which is the chapter containing the law that defendant was convicted of violating.
AFFIRMED.
OTT, C.J., and SCHOONOVER, J., concur.