(88 P.3d 1233)

No. 90,488

STATE OF KANSAS, *Appellee*, v. DANTE R. BECK, *Appellant*.

Opinion filed May 7, 2004.

*Sarah Ellen Johnson*, assistant appellate defender, for appellant.

*Charles L. Rutter*, assistant district attorney, *Nola Foulston*, district attorney, and *Phill Kline*, attorney general, for appellee.

Before MALONE, P.J., GREENE, J., and DAVID L. STUTZMAN, District Judge, assigned.

MALONE, J.: Dante R. Beck appeals his conviction and sentence for aggravated escape from custody following a jury trial. Beck challenges the trial court's instruction on burden of proof, presumption of innocence, and reasonable doubt which adopted the language of PIK Crim. 3d 52.02. He further claims the trial court erred in sentencing by applying a criminal history which was not proved to a jury beyond a reasonable doubt. We reject Beck's claims and affirm his conviction and sentence.

Beck was convicted of aggravated battery in August 2002 and assigned to the Sedgwick County work release program. On September 23, 2002, Beck left for work but never returned to the adult sanction center where he was serving his sentence. Instead he accompanied his girlfriend to Montana. Beck was arrested on September 26, 2002, and he was subsequently convicted of aggravated escape from custody in violation of K.S.A. 2003 Supp. 21-3810. He was sentenced to 18 months' imprisonment. Beck timely appeals.

At trial, Beck objected to jury Instruction No. 6 which related to the burden of proof, presumption of innocence, and reasonable doubt. Beck's objection was overruled, and Beck now argues on appeal that it was error for the court to instruct the jury pursuant to PIK Crim. 3d 52.02.

" 'When reviewing challenges to jury instructions, we are required to consider all the instructions together, read as a whole, and not to isolate any one instruction. If the instructions properly and fairly state the law as applied to the facts of the case, and a jury could not reasonably have been misled by them, the instructions do not constitute reversible error even if they are in some way erroneous. [Citations omitted.]' " *State v. Peterson*, 273 Kan. 217, 221, 42 P.3d 137 (2002).

The challenged instruction is drawn directly from PIK Crim. 3d 52.02. Instruction No. 6 reads:

"The State has the burden to prove the defendant is guilty. The defendant is not required to prove he is not guilty. You must presume that he is not guilty until you are convinced from the evidence that he is guilty.

"The test you must use in determining whether the defendant is guilty or not guilty is this: If you have a reasonable doubt as to the truth of any of the claims required to be proved by the State, you must find the defendant not guilty. If you have no reasonable doubt as to the truth of any of the claims required to be proved by the State, you should find the defendant guilty."

Beck argues that the instruction is erroneous for three reasons. First, Beck argues that the language "[y]ou must presume that he is not guilty until you are convinced from the evidence that he is guilty" is misleading because of the use of the word "until." Beck claims that the language "until you are convinced" misleads a jury into believing that it should expect to be convinced of the defendant's guilt because "until" means an expectation of an event that shall happen.

Beck argues that the proper instruction should have substituted "unless" for "until" so that it would read "unless you are convinced." He argues that the use of the word "unless" would not mislead the jury into believing that it must find Beck guilty because "unless" simply means an expectation of a future event which may happen.

Beck cites no authority directly supporting his claim. He cites *State v. Hundley*, 236 Kan. 461, 468, 693 P.2d 475 (1985), to demonstrate that the court drew a distinction between the use of the words "imminent" and "immediate" in the PIK Crim. 3d self-defense instruction. Beck fails, however, to demonstrate any relationship between the language in *Hundley* and that in PIK Crim. 3d 52.02.

The jury instruction given in this case was drawn directly from PIK Crim. 3d 52.02. The Pattern Instructions for Kansas were developed by a knowledgeable committee to bring accuracy, clarity, and uniformity to jury instructions, and while they are not required, they are strongly recommended for use by Kansas trial courts. *State v. Dias*, 263 Kan. 331, 335, 949 P.2d 1093 (1997) (quoting *State v. Moncla*, 262 Kan. 58, Syl. ¶ 5, 936 P.2d 727 [1997]).

A number of defendants have challenged the terminology of the pattern instruction found in PIK Crim. 3d 52.02. The attacks have focused on everything from the instruction's use of the phrase "not guilty" rather than "innocent," to use of the phrase "claims by the state" rather than "elements of the crime." Such semantic challenges have repeatedly been rejected by the Kansas Supreme Court. See *State v. Lopez*, 271 Kan. 119, 137-38, 22 P.3d 1040 (2001); *State v. Clark*, 261 Kan. 460, 474-75, 931 P.2d 664 (1997); *State v. Pierce*, 260 Kan. 859, 868-71, 927 P.2d 929 (1996); *State v. Johnson*, 255 Kan. 252, 258-59, 874 P.2d 623 (1994); *State v. Thomas*, 24 Kan. App. 2d 734, 953 P.2d 1043 (1998).

Moreover, the Kansas Supreme Court has held that "the provisions of PIK Crim. 3d 52.02 accurately reflect the law of this State and properly advise the jury in a criminal case of the burden of proof, the presumption of innocence, and reasonable doubt." *Clark*, 261 Kan. at 475; *Pierce*, 260 Kan. at 870. However, these

decisions do not directly address the language of PIK Crim. 3d 52.02 that Beck is challenging.

By focusing on one word, Beck ignores the remaining text of the instruction. When reviewing challenges to jury instructions, appellate courts must consider the instructions as a whole. *State v. Mims*, 264 Kan. 506, 514, 956 P.2d 1337 (1998). Instruction No. 6 clearly states: "If you have a reasonable doubt as to the truth of any of the claims required to be proved by the State, you must find the defendant not guilty." This language specifically rebuts Beck's argument that the jury would be somehow misled into expecting to be convinced of the defendant's guilt.

Beck's argument is creative but not persuasive. The distinction between the words "until" and "unless" is subtle, given the natural usage of the words in common language. As used in this context and reading the instructions as a whole, a jury could not reasonably have been misled about the presumption of Beck's innocence.

Next, Beck claims that Instruction No. 6 was erroneous because of the language: "If you have no reasonable doubt as to the truth of any of the claims required to be proved by the State, you should find the defendant guilty." Beck's alleged error revolves around the use of the word "any." Beck asserts that the use of the word "any" in this context allows for a conviction even if there are insufficient facts to support *each* element of the crime. According to Beck, the language deprived him of his constitutional right that a guilty verdict be beyond a reasonable doubt as to each element of the alleged crime.

Again, Beck is focusing on one word of the instruction in isolation from its context. The word "any" is used consistently in the instruction. The sentence immediately preceding the language Beck finds objectionable states: "If you have a reasonable doubt as to the truth of *any* of the claims required to be proved by the State, you must find the defendant not guilty." (Emphasis added.) We reject Beck's argument that the word "any," as used in this context, could somehow create ambiguity or result in Beck being convicted if only one element of the crime is proven. Furthermore, Instruction No. 11, listing the elements of the crime of aggravated escape from custody, contains the language: "To establish this charge, *each*

of the following claims must be proved . . . ." (Emphasis added.) This language negates any potential confusion that may have been caused by the use of the word "any" in Instruction No. 6.

Beck's final point of contention with jury Instruction No. 6 is based on an inaccurate reading of the instruction. Beck asserts that Instruction No. 6 states that if the government has met its burden, then the jury "MUST find Mr. Beck guilty." A review of jury Instruction No. 6 reveals no such language. The instruction reads: "If you have no reasonable doubt as to the truth of any of the claims required to be proved by the State, you *should* find the defendant guilty." (Emphasis added.) The word "should" is correctly used, and this language mirrors that found in PIK Crim. 3d 52.02.

Thus, when the instructions are viewed as a whole, the jury could not reasonably have been misled about their meaning. The trial court did not err in giving Instruction No. 6 pursuant to PIK Crim. 3d 52.02. We reiterate the Kansas Supreme Court pronouncement that "the provisions of PIK Crim. 3d 52.02 accurately reflect the law of this State and properly advise the jury in a criminal case of the burden of proof, the presumption of innocence, and reasonable doubt." *Clark*, 261 Kan. at 475.

Finally, Beck claims that his sentence violated the United States Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), because his prior convictions were not submitted to a jury and proved beyond a reasonable doubt. Beck acknowledges that the Kansas Supreme Court has already rejected this argument. See *State v. Ivory*, 273 Kan. 44, 41 P.3d 781 (2002). Beck argues that *Ivory* was wrongly decided.

This court is duty bound to follow Kansas Supreme Court precedent unless there is some indication that the court is departing from its previous position. *State v. Maybin*, 27 Kan. App. 2d 189, 205, 2 P.3d 179 (2000). We have no indication that the Kansas Supreme Court is departing from its ruling in *Ivory*. Thus, the trial court did not err in sentencing Beck.

Affirmed.