(106 P.3d 1148)

No. 92,011

STATE OF KANSAS, *Appellee*, v. JOHN DAVID MCCONNELL, *Appellant*.

Opinion filed March 11, 2005.

*Nathan B. Webb*, assistant appellate defender, for appellant.

*William R. Mott*, county attorney, and *Phill Kline*, attorney general, for appellee.

Before HILL, P.J., MALONE and GREENE, JJ.

MALONE, J.: John David McConnell appeals his convictions of possession of methamphetamine and illegal vehicle registration. McConnell claims the trial court failed to properly instruct the jury on presumption of innocence. He further claims there was insufficient evidence to support his conviction of possession of methamphetamine. We affirm.

On April 10, 2003, at approximately 1:50 a.m., Sumner County Sheriff's Deputy Brien Swingle stopped a car traveling on a dirt road without a tag light or license plate. Deputy Risa Hofmeier

joined Swingle at the scene to assist. Swingle identified the driver as McConnell from his Kansas driver's license and arrested McConnell when he could not produce a title, tag, or registration for the vehicle.

Swingle searched McConnell and found pocket knives, a cigarette tin, and a blue glass bottle with a tin lid in the lower left pocket of McConnell's military fatigue-styled pants. According to Swingle, when he asked McConnell about the bottle, McConnell responded, "I don't know. These aren't my britches."

Swingle opened the bottle and noticed it contained a yellowish substance and small rock-sized objects. Relying on his training, Swingle was suspicious of the bottle's contents. He performed a field test and identified the contents as methamphetamine. Based on the field test, Swingle arrested McConnell for possession of methamphetamine.

McConnell was charged in district court with possession of methamphetamine and illegal vehicle registration. At the start of his trial, McConnell stipulated to the bottle's contents being methamphetamine. On direct examination, Swingle described the stop, the search and arrest of McConnell, and also noted how the waist and length of McConnell's pants appeared to fit him. On cross-examination, Swingle testified he never asked McConnell what the bottle contained, how long he had it, or where he got the bottle. Swingle said he never asked McConnell these questions because McConnell had told him the pants were not his own. Hofmeier's testimony corroborated Swingle's version of McConnell's stop, search, and arrest.

The defense presented testimony from two of McConnell's friends. Susan Hauser testified she had known McConnell for 25 years, that he collected old glass bottles for a number of years, and identified a collection of old blue glass as McConnell's. Lisa Taylor testified she had known McConnell for 11 years and her testimony mirrored Hauser's. Neither Hauser nor Taylor testified as to the events of April 10, 2003.

On direct examination, McConnell testified he was at an abandoned farmhouse looking for perennial asparagus prior to his arrest. He stated he was too early to find asparagus, but found the

blue glass bottle during his search at the abandoned farmhouse. McConnell testified that he collected old glass bottles, so he placed the bottle in his pants' pocket to be examined later. He categorically denied having any intent to possess methamphetamine the day of his arrest. McConnell testified Swingle never asked if the bottle was his or what it contained.

On cross-examination, McConnell presented a slightly different version of the events of his arrest. McConnell described how Swingle searched him, felt the bottle in his pocket, asked what it was, and that he responded he did not know because they were not his pants. McConnell told the jury his own pants had been switched with his brother-in-law's who had recently done laundry at McConnell's house. McConnell testified that once Swingle showed him the bottle, he told Swingle it appeared to be an antique. He admitted he did not tell Swingle he had found the bottle that day or that he collected blue glass.

The jury convicted McConnell of one count of possession of methamphetamine and one count of illegal vehicle registration. The trial court sentenced McConnell to 11 months' incarceration with the Kansas Department of Corrections on the possession of methamphetamine count and 30 days in jail on the illegal vehicle registration count, with the sentences to run consecutively, and placed him on 12 months' probation. McConnell timely appeals.

### Jury instruction on presumption of innocence

McConnell first claims the trial court failed to properly instruct the jury on the presumption of innocence. When reviewing challenges to jury instructions, an appellate court is required to consider all the instructions together, read as a whole, and not to isolate any one instruction. If the instructions properly and fairly state the law as applied to the facts of the case, and a jury could not reasonably have been misled by them, the instructions do not constitute reversible error even if they are in some way erroneous. *State v. Peterson*, 273 Kan. 217, 221, 42 P.3d 137 (2002).

At the close of evidence, the trial court instructed the jury on burden of proof, presumption of innocence, and reasonable doubt as follows:

"The State has the burden to prove the defendant is guilty. The defendant is not required to prove he is not guilty. You must presume that he is not guilty *until you are convinced* from the evidence that he is guilty.

"The test you must use in determining whether the defendant is guilty or not guilty is this: If you have a reasonable doubt as to the truth of any claims required to be proved by the State, you must find the defendant not guilty. If you have no reasonable doubt as to the truth of any of the claims required to be proved by the State, you should find the defendant guilty." (Emphasis added.)

McConnell argues the phrase "until you are convinced" misleads a jury into believing that it should expect to be convinced of the defendant's guilt and therefore should convict. McConnell asserts that the phrase "unless you are convinced" would be a better instruction on presumption of innocence.

Because McConnell did not object to the instruction as given, review is under a clearly erroneous standard. See *State v. Daniels,* 278 Kan. 53, 57, 91 P.3d 1147 (2004). "Instructions are clearly erroneous only if the reviewing court is firmly convinced there is a real possibility that the jury would have rendered a different verdict if the error had not occurred." *State v. Davis,* 275 Kan. 107, 115, 61 P.3d 701 (2003).

The jury instruction given in this case was drawn directly from PIK Crim. 3d 52.02. The Pattern Instructions for Kansas were developed by a knowledgeable committee to bring accuracy, clarity, and uniformity to jury instructions, and while they are not required, they are strongly recommended for use by Kansas trial courts. *State v. Dias,* 263 Kan. 331, 335, 949 P.2d 1093 (1997) (quoting *State v. Moncla,* 262 Kan. 58, Syl. ¶ 5, 936 P.2d 727 [1997]).

The statutory source of the PIK instruction on presumption of innocence is K.S.A. 21-3109, which provides: "A defendant is presumed to be innocent *until* the contrary is proved." (Emphasis added.) Thus, the instruction given to the jury in McConnell's case was drawn directly from the recommended PIK instruction which also mirrored the statutory language on presumption of innocence.

Moreover, the Kansas Supreme Court has previously held that "the provisions of PIK Crim. 3d 52.02 accurately reflect the law of this State and properly advise the jury in a criminal case of the

burden of proof, the presumption of innocence, and reasonable doubt." *State v. Clark*, 261 Kan. 460, 475, 931 P.2d 664 (1997); *State v. Pierce*, 260 Kan. 859, 870, 927 P.2d 929 (1996).

McConnell cites *State v. Wilkerson*, 278 Kan. 147, 158, 91 P.3d 1181 (2004), to support his argument about the jury instruction on presumption of innocence. In *Wilkerson*, although the trial court's instruction on presumption of innocence reflected the statutory language, a unanimous Kansas Supreme Court decreed that the instruction "would have been improved by the substitution of the word 'unless' for the word 'until.'" 278 Kan. at 158. However, the court found this did not require reversal of the defendant's conviction because the instructions, when read together, accurately stated the law. "The jury could not reasonably have been misled by them, and thus the instructions did not constitute reversible error even if they were in some way erroneous." 278 Kan. at 158.

McConnell asserts the instruction on presumption of innocence could have misled the jury into convicting him even though he had no intent to possess the methamphetamine. Thus, he claims the instruction in his case was clearly erroneous. By focusing on one word, McConnell ignores the remaining text of the instruction. The same instruction provided to the jury in McConnell's case on presumption of innocence also clearly stated: "If you have a reasonable doubt as to the truth of any of the claims required to be proved by the State you must find the defendant not guilty." This language rebuts McConnell's argument that the jury could have been misled into expecting to be convinced of McConnell's guilt. Furthermore, instructions Nos. 2 and 3 in McConnell's case emphasized the necessity of intent and the exercise of control over the substance in order to convict McConnell of possession of methamphetamine.

The distinction between the words "until" and "unless" is subtle, given the natural usage of the words in common language. *State v. Beck*, 32 Kan. App. 2d 784, 787, 88 P.3d 1233 (2004). As used in this context and reading the instructions as a whole, a jury could not reasonably have been misled about the presumption of McConnell's innocence. Moreover, there is nothing in the record to suggest a real possibility that the jury would have rendered a different verdict if the word "unless" had been substituted for "until."

Accordingly, applying *Wilkerson*, we conclude the trial court's instruction on presumption of innocence was not reversible error.

### Sufficiency of evidence

McConnell also claims there was insufficient evidence to support his conviction of possession of methamphetamine. He asserts that he provided a reasonable explanation of how he came into possession of the bottle containing methamphetamine which was not disputed by the State.

When a defendant challenges the sufficiency of evidence, an appellate court's standard of review is whether, after review of all of the evidence, viewed in the light most favorable to the State, the appellate court is convinced that a rational jury could have found the defendant guilty beyond a reasonable doubt. *State v. Mays*, 277 Kan. 359, 377, 85 P.3d 1208 (2004). An appellate court does not reweigh a jury's determination of the credibility of a witness. *State v. Moore*, 269 Kan. 27, 30, 4 P.3d 1141 (2000).

The evidence, viewed in a light most favorable to the State, revealed: (1) Swingle removed the bottle from McConnell's left front pants' pocket; (2) McConnell admitted he put the bottle in his pocket; (3) the bottle contained methamphetamine; and (4) the only explanation McConnell provided at the scene of the arrest was that the pants were not his own. McConnell provided an explanation of the events at trial which, if believed by the jury, could have resulted in his acquittal. Apparently, the jury was not persuaded by McConnell's testimony. We conclude a rational jury could have found McConnell guilty beyond a reasonable doubt of possession of methamphetamine based upon the evidence presented.

Affirmed.