(125 P.3d 561)

No. 93,572

STATE OF KANSAS, *Appellant*, v. MICHAEL HERBISON, *Appellee*.

Opinion filed December 16, 2005.

*Thomas R. Stanton*, deputy district attorney, *Keith E. Schroeder*, district attorney, and *Phill Kline*, attorney general, for appellant.

*Sam S. Kepfield*, of Hutchinson, for appellee.

Before McANANY, P.J., GREEN and MARQUARDT, JJ.

McANANY, J.: The State of Kansas appeals the trial court's decision to grant Michael Herbison a 6-month reduction in his sentence for attempted manufacture of methamphetamine pursuant to K.S.A. 21-3301(d). Having found that the 6-month reduction in Herbison's sentence is mandated by the decision of our Supreme Court in *State v. McAdam*, 277 Kan. 136, 83 P.3d 161 (2004), we affirm.

Herbison was convicted of attempted manufacture of methamphetamine in violation of K.S.A. 65-4159 and K.S.A. 21-3301. He was also convicted of possession of drug paraphernalia with the intent to manufacture a controlled substance and possession of methamphetamine. He received concurrent sentences of 11 months on these latter two convictions. Because of the application of our Supreme Court's decision in *McAdam* to Herbison's conviction for attempted manufacture of methamphetamine, he received a sentence of 15 months pursuant to a statute identical to K.S.A. 65-4159 which provides a lesser penalty, K.S.A. 65-4161.

Herbison later filed a motion to correct his 15-month sentence, which he claimed was illegal. He argued he was entitled to a 6-month reduction in this sentence pursuant to K.S.A. 21-3301(d). The court sustained the motion and reduced Herbison's sentence by 6 months. The State now appeals.

Since this appeal involves questions of statutory interpretation, our review is de novo. *State v. Maass*, 275 Kan. 328, 330, 64 P.3d 382 (2003). Highly summarized, the contentions of the parties are as follows. The State argues that the trial court erred by ignoring subsection (c) of K.S.A. 65-4159, which prohibits application of the 6-month sentence reduction provided for in K.S.A. 21-3301(d). Herbison, on the other hand, argues that *McAdam* required the trial court to sentence him under K.S.A. 65-4161(a) and not K.S.A. 65-4159(b) and (c) because K.S.A. 65-4159 and K.S.A. 65-4161 prohibit the same conduct and the statute with the lesser penalty provision controls. Since K.S.A. 65-4161, the statute with the lesser penalty, does not prohibit the application of K.S.A. 21-3301(d), he is entitled to the 6-month reduction in his sentence.

We are duty bound to follow Kansas Supreme Court precedent, absent some indication the court is departing from its previous

position. *State v. Beck*, 32 Kan. App. 2d 784, 788, 88 P.3d 1233, *rev. denied* 278 Kan. 847 (2004). The *McAdam* decision clearly controls. Where two criminal offenses have identical elements but are classified differently for purposes of imposing a penalty, a defendant convicted of either crime may be sentenced only under the lesser penalty provision. *McAdam*, 277 Kan. at 146 (quoting *State v. Nunn*, 244 Kan. 207, 229, 768 P.2d 268 [1989]). We apply *McAdam* to Herbison's conviction as follows:

(1) Herbison was convicted of an *attempt* to manufacture methamphetamine under K.S.A. 65-4159.

(2) Pursuant to K.S.A. 21-3301(d), a defendant who is convicted of an *attempt* to commit a drug felony is entitled to a 6-month reduction in the sentence imposed.

(3) However, the statute under which Herbison was convicted, K.S.A. 65-4159, provides in subsection (c) that K.S.A. 21-3301(d) does not apply to a defendant convicted under this statute of attempting to manufacture a controlled substance.

(4) Although Herbison was convicted under K.S.A. 65-4159 for attempting to manufacture methamphetamine, *McAdam* requires that he be sentenced under the lesser penalty provision of K.S.A. 65-4161.

(5) The penalty provisions of K.S.A. 65-4161 do not bar application of the 6-month sentence-reduction provision of K.S.A. 21-3301(d).

(6) Since the issue under *McAdam* is one of sentencing, Herbison, who falls within the *McAdam* paradigm, must be sentenced under the lesser penalty provisions of K.S.A. 65-4161, under which he is entitled to the 6-month reduction in his sentence provided for in K.S.A. 21-3301(d).

(7) Thus, the district court did not err in sustaining his motion and reducing his sentence by 6 months.

The State makes various arguments in favor of a contrary holding. First, the State argues that the trial court lacked jurisdiction to sentence Herbison under any statute other than K.S.A. 65-4159 because that was the crime that was charged in the complaint. First, it is apparent that *McAdam* disposes of this argument since

the issue is one of sentencing which *McAdam* controls. Second, the trial court correctly noted that Herbison was specifically charged in the complaint with violating K.S.A. 21-3301, the statute which provides for the 6-month reduction in sentence. Thus, the trial court had jurisdiction to grant relief to Herbison on his motion.

Next, the State argues that Herbison's position is that *McAdam* effectively invalidated K.S.A. 65-4159, notwithstanding the clear provisions of K.S.A. 65-4140. The State argues, based upon K.S.A. 65-4140, that the determination that the defendant in *McAdam* must be sentenced to the lesser penalty "does not make the other provisions of the statute invalid." It is unclear how the State would have us apply K.S.A. 65-4140, which declares:

"If any provision of this act or the application thereof to any person or circumstances is held invalid, the invalidity does not affect other provisions or applications of the act which can be given effect without the invalid provision or application, and to this end the provisions of this act are severable."

*McAdam* teaches us that the statute with the lesser penalty controls. The State fails to suggest any way to prevent the application of the 6-month sentence reduction provisions of K.S.A. 21-3301 without doing violence to *McAdam*.

Finally, the State argues that the district court's interpretation of the statues in question violated the clear intent of the legislature. It argues that K.S.A. 65-4159 is a more specific crime than K.S.A. 65-4161 and the terms of the more specific statute control. This argument, while persuasive before this court in the initial appeal of *McAdam*, 31 Kan. App. 2d at 446-47, was rejected on review by our Supreme Court. *McAdam* is settled law, and we are bound by it.

Affirmed.