(170 P.3d 912)
No. 96,921

STATE OF KANSAS, *Appellee,* v. CHARLES ADAM BOGGS, *Appellant.*

Opinion filed November 21, 2007.

*Shawn E. Minihan,* of Kansas Appellate Defender Office, for appellant.

*Ty Kaufman,* county attorney, and *Paul J. Morrison,* attorney general, for appellee.

Before HILL, P.J., GREEN and MARQUARDT, JJ.

GREEN, J.: Charles Adam Boggs appeals his convictions of one count of felony possession of marijuana and one count of misdemeanor possession of drug paraphernalia. Boggs maintains that the trial court erred in admitting evidence of his prior use of marijuana. We agree. Boggs also contends that it was improper for the court to use his prior convictions, not proven to a jury beyond a reasonable doubt, to calculate his criminal history score. We disagree. Accordingly, we affirm in part, reverse in part, and remand for a new trial.

Captain Charles Allcock and Officer Meagher of the McPherson Police Department were on patrol on the morning of October 29, 2005. Allcock saw a Chevy pickup driving erratically. He followed the truck for about three blocks before pulling the driver over on suspicion of driving under the influence of alcohol or drugs (DUI). Allcock identified the driver of the truck as Matthew Hockett and the passenger as Charles Adam Boggs. During the 10-15 minutes that Allcock and Meagher were performing sobriety tests on Hockett, Boggs remained seated in the passenger seat of the truck. Although Meagher initially was in a position to observe Boggs, he spent some time assisting Allcock with the sobriety testing. Allcock arrested Hockett for DUI and placed him in the patrol car.

At some point in time, Boggs was told that he was free to leave so he began to walk home. Allcock searched the truck and found a glass marijuana pipe on the floorboard under the passenger seat. Allcock noted that there was residue in the pipe, but the pipe was not warm to the touch. Allcock sent Meagher to bring Boggs back to the truck. Allcock showed the pipe to Hockett. According to Allcock, Hockett denied that the pipe was his and stated, "That son of a bitch Charlie Boggs, I can't believe he brought this into my dad's pickup."

When Boggs returned to the truck, Allcock *Mirandized* Boggs and asked him about the pipe. Boggs denied that the pipe was his. The officers searched Boggs and found no evidence of illegal drug activity. Allcock noticed the odor of burnt marijuana on Boggs' clothing. Allcock arrested Boggs for possession of marijuana, based on the residue in the pipe, and possession of drug paraphernalia based on the pipe.

Allcock placed Boggs in the patrol car with Hockett and transported them to jail. Hockett testified that when he and Boggs were alone in the patrol car, Boggs asked Hockett to tell the police that the pipe did not belong to him. At the jail, Allcock and Meagher interrogated Boggs again. Boggs again denied that the pipe was his. Meagher asked Boggs when he last smoked marijuana. Boggs stated that he had smoked marijuana about 1 month ago.

The State charged Boggs with felony possession of marijuana and misdemeanor possession of drug paraphernalia. Boggs moved

in limine to exclude his statement to police about his prior drug use. The trial court denied the motion. At trial, the State admitted Boggs' statement through the testimony of Allcock. Boggs contemporaneously objected to the admission of his statement, but the court overruled the objection.

During the jury instructions conference, the trial court told the parties that it would provide a limiting instruction for the admission of Boggs' statement. Boggs did not object to the form of the instruction, but did object again to the admission of the statement. The court gave instruction No. 6 which instructed the jury that Boggs' statement was admitted only for the purpose of proving intent, knowledge, or absence of mistake or accident.

A jury convicted Boggs of one count of felony possession of marijuana, K.S.A 65-4162, and one count of misdemeanor possession of drug paraphernalia, K.S.A. 2006 Supp. 65-4152. The trial court sentenced Boggs to 18 months' probation for each count, to run concurrently, with underlying prison sentences of 13 months for count one and 6 months for count two.

I. *Did the Trial Court Err in Admitting Boggs' Statement about His Prior Marijuana Use?*

When reviewing a trial court's decision to admit evidence, an appellate court first determines whether the evidence is relevant. Once relevance is established, an appellate court must apply the evidentiary rules governing the admission and exclusion of evidence as a matter of law or in the exercise of the trial court's discretion, depending on the contours of the evidentiary rule in question. K.S.A. 60-407(f); *State v. Gunby*, 282 Kan. 39, 47-48, 144 P.3d 647 (2006).

*A. Does K.S.A. 60-455 apply to the admission of Boggs' statement about prior marijuana use?*

The evidentiary rule in question in this case is K.S.A. 60-455 which states:

"Subject to K.S.A. 60-447 evidence that a person committed a crime or civil wrong on a specified occasion, is inadmissible to prove his or her disposition to commit crime or civil wrong as the basis for an inference that the person committed another crime or civil wrong on another specified occasion but, subject to

K.S.A. 60-445 and 60-448 such evidence is admissible when relevant to prove some other material fact including motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident."

Boggs argues that his statement about prior drug use is evidence of a prior bad act governed by K.S.A. 60-455. He concedes that his statement is relevant, but only to prove his propensity to commit the crimes charged. Boggs asserts that the use of prior bad acts to show propensity is explicitly prohibited by K.S.A. 60-455.

The State contends that Boggs' statement is admissible independent of K.S.A. 60-455. The State argues that K.S.A. 60-455 does not apply because the statement is relevant and admissible as a factor that can be considered in nonexclusive drug possession cases. The State neither offers an analysis of K.S.A. 60-455 nor discusses our Supreme Court's recent *Gunby* decision.

The trial court initially admitted the evidence on the basis that previous drug use is a factor to be considered in a nonexclusive possession case. Nevertheless, the trial court gave a limiting instruction as if the evidence had been admitted under K.S.A. 60-455.

No evidence of prior crimes or civil wrongs may be admitted unless they are relevant to one or more of the eight material facts listed in K.S.A. 60-455 or some other material fact not listed in the statute. *Gunby*, 282 Kan. 39, Syl. ¶ 3. Moreover, in analyzing the admission of evidence of other crimes and civil wrongs, the *Gunby* court declared

"that our lines of cases allowing admission of such evidence independent of K.S.A. 60-455 are contrary to long-held common law and the text of the statute itself. The practice of admitting evidence independent of K.S.A. 60-455 also is unnecessary and carries the potential to violate a criminal defendant's fundamental right to a fair trial." 282 Kan. at 49. "Henceforth, admissibility of any and all other crimes and civil wrongs evidence will be governed by K.S.A. 60-455." 282 Kan. at 57.

*B. Is Boggs' statement about prior marijuana use admissible under K.S.A. 60-455?*

Before admitting K.S.A. 60-455 evidence, the trial court must (1) determine that the evidence is relevant to prove a material fact other than the defendant's propensity to commit the crime

charged, (2) determine that the material fact is disputed, and (3) determine that the probative value of the evidence outweighs its potential for producing undue prejudice. *Gunby*, 282 Kan. at 48, 56-57. Reviewing whether the trial court properly admitted evidence under K.S.A. 60-455 requires the court to review the legal basis for the trial court's decision. When an appellate court reviews the legal basis for admitting evidence, the standard of review is de novo. *Gunby*, 282 Kan. at 47-48.

1. *Is evidence of prior use of marijuana sufficiently similar to be relevant to prove the current charge of possession of marijuana?*

Evidence is relevant if it has any tendency in reason to prove any material fact. K.S.A. 60-401(b). A material fact is one that is significant under the substantive law of the case and properly at issue. *State v. Goodson*, 281 Kan. 913, 922, 135 P.3d 1116 (2006); *State v. Faulkner*, 220 Kan. 153, 156, 551 P.2d 1247 (1976). "To establish relevance, there must be some material or logical connection between the asserted facts and the inference or result they are intended to establish. [Citation omitted.]" *Gunby*, 282 Kan. at 47.

When a prior crime is used to show intent, the determination of relevancy must be based on the similarity of the prior crime with the charged crime. *State v. Graham*, 244 Kan. 194, 198, 768 P.2d 259 (1989). In *Graham*, where illegal possession of drugs was in issue, our Supreme Court pointed out that whether evidence of a prior crime was relevant, evidence of the prior crime must be similar to the crime charged. Here, the prior crime evidence was dissimilar to the charged crimes. The prior crime evidence involved Boggs' statement to the police that he had not smoked marijuana in over a month. The charged crimes were as follows: possession of marijuana and possession of drug paraphernalia. The prior crime evidence of Boggs smoking marijuana is not similar to the charged crimes.

For example, in *State v. Flinchpaugh*, 232 Kan. 831, 834, 659 P.2d 208 (1983), our Supreme Court affirmed the trial court's dismissal of the charge of possession of cocaine. The charge had been based on the presence of cocaine in the defendant's blood sample.

In rejecting the State's claim that the presence of the drug in the defendant's bloodstream was sufficient circumstantial evidence of *possession*, the court stated: "Once a controlled substance is within a person's system, the power of the person to control, *possess*, use, dispose of, or cause harm is at an end. The drug is assimilated by the body." 232 Kan. at 834. Likewise, once Boggs ingested (by smoking) the marijuana into his system, his power to possess the illegal substance was at an end. As a result, the prior crime evidence of Boggs smoking marijuana is not similar to the charged crimes of possession of marijuana and possession of drug paraphernalia. The prior crime evidence lacks the essential element of possession of an illegal substance, which is a necessary element of the charged crimes.

Furthermore, the prior crime evidence of smoking marijuana was not so relevant as to show some material or logical connection between it and the charged crimes. A fact finder could not have reasonably inferred that the later acts of possession of marijuana and possession of drug paraphernalia follow from or was logically connected to the former act of smoking marijuana. For example, a person could smoke marijuana and not later be in possession of marijuana or possession of drug paraphernalia. Thus, it would be a logical *non sequitur* to conclude that because a person previously smoked marijuana, the person would later possess either marijuana or drug paraphernalia.

In summary, the prior crime evidence of Boggs smoking marijuana was dissimilar to the charged crimes. As a result, under the *Graham* relevancy test, the prior crime evidence was inadmissible to prove intent, knowledge, and absence of mistake or accident. See also *State v. Faulkner*, 220 Kan. at 157 ("We would caution that while, ordinarily, evidence of prior convictions of similar crimes is relevant to prove a specific intent without a showing of the specific facts and circumstances involved in the prior offense, this general rule must be tempered with the requirement of 'similarity.' The similarity of offenses is a key factor in relevancy."), and *State v. Brown*, 4 Kan. App. 2d 729, Syl. ¶ 7, 732, 610 P.2d 655 (1980).

## 2. Is the material fact disputed?

Nevertheless, assuming that the prior crime evidence was sufficiently similar to the charged crimes to meet the *Graham* relevancy test, we are still presented with a problem. One of the reasons that the trial court gave for admitting the prior crime evidence was because the evidence was relevant to show intent, knowledge, and absence of mistake or accident. Although Boggs objected to admission of this evidence based on those factors, the trial court denied the objection. Boggs' sole defense was that he did not possess the pipe containing the marijuana residue. On appeal, Boggs argues that because he merely denied possession of the pipe, intent, knowledge, and absence of mistake or accident was not in issue. In support of his argument, Boggs cites *State v. Davidson,* 31 Kan. App. 2d 372, 65 P.3d 1078 (2003). Justice Carol Beier, while a member of this court, stated in *Davidson*: "The most recent cases from the Supreme Court and our court seem to require the defendant to have asserted an innocent explanation before intent will be considered a disputed material issue." 31 Kan. App. 2d at 382. Here, Boggs did not assert that the charged crimes were innocent in character.

When a defendant completely denies "that any of the charged conduct took place," the defendant's intent is not in issue and the evidence may not be admitted to prove it. 31 Kan. App. 2d at 383. Moreover, absence of mistake or accident and intent are closely related concepts. Unless a defendant has contended that the charged crimes were innocent in character, evidence of prior acts or convictions may not be admitted to show absence of mistake or accident. *State v. Graham,* 244 Kan. 194, 197, 768 P.2d 259 (1989). As a result, the trial court erred in admitting the prior crime evidence under K.S.A. 60-455 to show intent, knowledge, and absence of mistake or accident.

## 3. Is evidence of prior use of marijuana admissible because of nonexclusive possession?

Finally, the other reason that the trial court gave for admitting the prior crime evidence was because this was a nonexclusive possession case and Boggs' prior use of drugs was a factor to be con-

sidered by the jury. In supporting the trial court's holding, the State cites *State v. Faulkner* and *State v. Cruz,* 15 Kan. App. 2d 476, 809 P.2d 1233 (1991). *Faulkner* involved a prosecution for possession of a controlled substance. Our Supreme Court held that evidence of a prior conviction of the same offense was material and relevant to prove intent concerning the charged crime under K.S.A. 60-455.

Nevertheless, the *Faulkner* court stated that when a prior crime is used to show intent, the similarity of the prior crime with the charged crime is to be used in the determination of relevancy. 220 Kan. at 157. As stated earlier, the prior crime evidence of Boggs smoking marijuana was dissimilar to the charged crimes and was not relevant.

Further, the *Faulkner* court stated that "[e]vidence of the prior conviction [for possession of a controlled substance] was offered . . . to prove the specific intent required for 'possession.'" 220 Kan. at 157. Moreover, the *Faulkner* court pointed out that "[w]here, as here, specific intent is in issue, prior convictions evidencing the requisite intent may be very probative." 220 Kan. at 158. Nevertheless, the fact that a crime charged requires proof of specific intent is not controlling on whether prior crime evidence is admissible under K.S.A. 60-455. See *State v. Dotson,* 256 Kan. 406, Syl. ¶ 2, 886 P.2d 356 (1994). In *Dotson,* our Supreme Court declared that the issue is not whether the charged crime is a specific or a general intent crime, but whether a defendant has claimed that the defendant's acts were innocent. Moreover, the *Dotson* court stated that "[w]here criminal intent is obviously proved by the mere doing of the act, the introduction of other crimes evidence has no real probative value to prove intent." 256 Kan. at 413. As a result, the reasoning in *Faulkner* that for a charged crime requiring a specific criminal intent, "prior convictions evidencing the requisite intent may be very probative" and should be admitted is no longer warranted. See *Dotson,* 256 Kan. at 413.

Nevertheless, the State maintains that Boggs' statement was evidence of prior drug use which tended to prove intent, knowledge, and absence of mistake or accident under a nonexclusive possession case. The *Gunby* court, however, made clear that there is no need

to admit evidence of prior wrongdoing independently of K.S.A. 60-455. 282 Kan. at 57. Moreover, the State's argument raises several questions. First, what "intent" was tended to be proved? Boggs' defense was that he neither possessed the marijuana nor the drug paraphernalia. Unlike *Graham*, Boggs did not assert that the charged crimes in question were done innocently. As a result, the issue of intent was not in dispute. Second, what "knowledge" was tended to be proved? The question to be answered was as follows: Did Boggs possess the marijuana and the drug paraphernalia? No claim was made that Boggs may have possessed the marijuana and drug paraphernalia without knowledge that he had it. Third, what "absence of mistake or accident" was a question in the case? No one contended that Boggs possessed the marijuana and the drug paraphernalia without knowing what the items were or possessed the items by mistake.

As a result, this case is factually dissimilar from *Graham*. In *Graham*, the defendant was arrested for drugs found in the pocket of the jeans he was wearing. His defense was that he had soiled his pants and pulled on a friend's pants. The *Graham* court held that "[t]he crucial distinction in admitting other crimes evidence under 60-455 on the issue of intent is . . . whether the defendant has claimed that his acts were innocent." 244 Kan. at 198. The *Graham* court determined that where the defendant maintained that he had put on someone else's pants that contained drugs, the defendant had placed his intent, knowledge, and absence of mistake in issue. 244 Kan. at 197-98. The present case is clearly distinguishable from *Graham*.

Futhermore, the *Cruz* holding offers no support for the State's position. The *Cruz* decision is absent of any analysis of K.S.A. 60-455. Moreover, the *Cruz* court determined that the circumstantial evidence of possession was insufficient to support the convictions. As a result, the *Cruz* holding will not bear the weight of reliance which the State places upon it.

The prior crime evidence of Boggs smoking marijuana was not admissible under K.S.A. 60-455. It was not admissible for any of the eight factors enumerated in K.S.A. 60-455. Moreover, there was no good, sound reason for admitting Boggs' statement into

evidence under some other material fact not listed in K.S.A. 60-455.

*4. Does the probative value of Boggs' statement outweigh its prejudicial effect?*

A trial court has the discretion to exclude relevant evidence if it determines that the probative value of the evidence offered is substantially outweighed by the risk of unfair prejudice. K.S.A. 60-445; *State v. Miller*, 284 Kan. 682, 690, 163 P.3d 267 (2007).

Propensity evidence is excluded because of the risk that a jury might give the evidence more weight than it should receive, thus, prejudicing the defendant. In *Gunby*, our Supreme Court stated:

"[W]e have recognized at least three types of prejudice can follow from the admission of other crimes and civil wrongs evidence:

" ' ". . . First a jury might well exaggerate the value of other crimes as evidence proving that, because the defendant has committed a similar crime before, it might properly be inferred that he committed this one. Secondly, the jury might conclude that the defendant deserves punishment because he is a general wrongdoer even if the prosecution has not established guilty beyond a reasonable doubt in the prosecution at hand. Thirdly, the jury might conclude that because the defendant is a criminal, the evidence put in on his behalf should not be believed." ' [Citation omitted.]" 282 Kan. at 48-49.

In this case, the trial court did not make any particularized determination of whether Boggs' statement was more probative than prejudicial. The evidence, however, in this case was circumstantial and not overwhelming. The truck where the pipe was found did not belong to Boggs. Instead, the truck was owned by Hockett's father. The jury heard testimony from Allcock, the arresting officer, and Hockett, the driver of the truck in which Boggs was a passenger. Allcock testified that he found the glass pipe with marijuana residue on the floorboard under the passenger seat where Boggs had been sitting. He further testified that Boggs was left unobserved for at least 10-15 minutes during the DUI investigation of Hockett. He testified that he noticed the odor of burnt marijuana on Boggs' clothing. Nevertheless, anyone who has been in a cigarette smoke-filled room, whether you are a smoker or a nonsmoker, knows how easy it is to acquire the odor of cigarette smoke on one's clothing.

Finally, Allcock testified that Hockett made a statement directly incriminating Boggs. Nevertheless, Hockett's incriminating statement about Boggs could be attacked as bias. Bias is suggested by the fact that the marijuana was located in a truck belonging to Hockett's father.

Merely proving that a person has committed a crime separate from the one charged is prejudicial by its very nature. Moreover, it does not logically follow that because a person previously smoked marijuana, the person's later proximity to an area where marijuana is located is for the purpose of possessing the marijuana. The fallacy in this form of nondeductive reasoning is termed "hasty generalization." Conway & Munson, The Elements of Reasoning, p. 138 (1990). Thus, it would not be permissible to infer from a prior act of smoking marijuana that Boggs intended to possess marijuana. Such an inference is too tenuous. Because the jury might have given the prior criminal act of smoking marijuana more weight than it should receive, we conclude the admission of the prior crime evidence unduly prejudiced Boggs.

## II. *Does State v. Gunby apply to this case?*

At oral argument, the State argued that the *Gunby* decision applied prospectively, therefore, it has no application to this case. On the other hand, Boggs argued that *Gunby* should apply to his case because he had a direct appeal pending as of the date of the *Gunby* decision. Both Boggs and the State have submitted letters of additional authority under Supreme Court Rule 6.09(b) (2006 Kan. Ct. R. Annot. 44). Boggs argues that *Gunby* established a new rule of law and that the Constitution requires that a defendant, who has a case pending on direct appeal, receive the benefit of the new rule. In support of his argument, Boggs cites *Griffith v. Kentucky,* 479 U.S. 314, 93 L. Ed. 2d 649, 107 S. Ct. 708 (1987). The State, however, argues that because *Gunby* did not involve a constitutional rule, Boggs' reliance on *Griffith* is misplaced. The State further argues that *Gunby* did not create a new rule of law. We agree.

In setting out its holding, the *Gunby* court stated: "We conclude that our lines of cases allowing admission of [other crimes and civil wrongs] evidence independent of K.S.A. 60-455 are *contrary to*

*long held common law and the text of the statute itself."* 282 Kan. at 49. Because no new rule of law was pronounced, the application of *Gunby* would not constitute a retroactive application of case law. See *State v. Barnes,* 278 Kan. 121, 127, 92 P.3d 578 (2004).

Moreover, our Supreme Court has applied *Gunby* to cases pending on direct appeal. In *State v. Woolverton,* 284 Kan. 59, 65, 159 P.3d 985 (2007), our Supreme Court cited *Gunby* in rejecting this court's decision allowing the admission of discordant relationship evidence independent of K.S.A. 60-455. In explaining its reason for rejecting this court's holding, our Supreme Court stated:

"[A]fter the Court of Appeals' decision in this case was released, we issued our decision in *Gunby,* which eliminated other means for admitting evidence of other crimes or civil wrongs independent of K.S.A. 60-455. 282 Kan. at 57. As a result, we reject the portion of the Court of Appeals' analysis that would have admitted the prior convictions." 284 Kan. at 65.

As a result, the *Gunby* holding should apply to this case because it was on direct appeal when *Gunby* was decided.

III. *Did the Trial Court Err in Using Boggs' Criminal History to Calculate His Sentence Without Requiring His Prior Convictions to Be Proven to a Jury Beyond a Reasonable Doubt?*

Boggs asserts that his Sixth and Fourteenth Amendment rights were violated because his prior convictions were not included in the charging document, put before a jury, and proven beyond a reasonable doubt as required under *Apprendi v. New Jersey,* 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000).

At sentencing, Boggs neither objected to any of his prior convictions as read by the court, nor contested his criminal history score of H. Boggs acknowledges the *Ivory* rule and includes this argument only to preserve the issue for federal review.

This court is duty bound to follow our Supreme Court precedent absent an indication the court is departing from such precedent. See *State v. Beck,* 32 Kan. App. 2d 784, 788, 88 P.3d 1233, *rev. denied* 278 Kan. 847 (2004). Our Supreme Court has held that the use of criminal history scores to calculate sentences under the Kansas Sentencing Guidelines Act without a jury finding beyond a reasonable doubt is constitutional. *State v. Ivory,* 273 Kan. 44, 46-48,

41 P.3d 781 (2002). There is no indication that our Supreme Court plans to depart from the holding in *Ivory*. See *Gonzalez*, 282 Kan. at 117-18 (affirming *Ivory* rule after United States Supreme Court post-*Apprendi* decisions in *Shepherd v. United States*, 554 U.S. 13, 161 L. Ed 2d 205, 125 S. Ct. 1254 [2005]; *United States v. Booker*, 543 U.S. 220, 160 L. Ed. 2d 621, 125 S. Ct. 738 [2005]; and *Blakely v. Washington*, 542 U.S. 296, 159 L. Ed. 2d 403, 124 S. Ct. 2531 [2004]). Because our Supreme Court has reviewed and upheld the *Ivory* rule after United States Supreme Court post-*Apprendi* decisions, Boggs' argument fails.

Affirmed in part, reversed in part, and remanded for a new trial.