NOT DESIGNATED FOR PUBLICATION

No. 117,873

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MILO A. JONES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed June 22, 2018. Affirmed.

*Milo A. Jones*, appellant pro se.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., HILL and BUSER, JJ.

PER CURIAM: This case presents an interesting procedural tangle and provides a good example of why, generally, a single appeal is preferable to multiple appeals for purposes of clarity in result.

Milo A. Jones was convicted in two separate cases. At sentencing, the district court ordered Jones' first sentence to run consecutive to his second sentence, which did not yet exist. This court subsequently found that Jones' sentence on the first case was illegal because the court cannot order a sentence consecutive to one that does not yet

exist. That said, due to intervening appeals, the second sentence was final by the time the case returned to the district court on remand. So, the district court again ordered Jones' first sentence to be served consecutively to his second sentence and he appeals. Because we find that Jones' sentence was legal, we affirm.

FACTUAL AND PROCEDURAL HISTORY

In 1999, Jones entered pleas for three counts of aggravated robbery in case No. 98CR1956 (Case 1). On the same day, Jones was also found guilty by jury of robbery, battery, and two counts of obstructing official duty in case No. 98CR1897 (Case 2). Jones was sentenced in both cases on the same day. In Case 1, the district court imposed a controlling sentence of 194 months. The sentence was ordered to run consecutive to the sentence the court would shortly impose in Case 2. The sentence would also run consecutive to cases Nos. 91CR818 and 92CR388 (Cases 3 and 4).

In Case 2, the court imposed a controlling sentence of 137 months. The court ordered the sentence to run consecutive to any state parole violations in Cases 1, 3, and 4. The journal entry correctly stated: "This case runs consecutive to the sentence of 194 months in Sedgwick County [Case 1] and consecutive to Sedgwick County [Cases 3 and 4]."

In 2014, Jones filed a motion to correct illegal sentence in Cases 1 and 2, arguing that his criminal history score was improperly calculated. The district court denied relief. On appeal, this court found that Jones' criminal history score was improperly calculated because Jones' prior juvenile adjudications for burglary were improperly considered prior person felonies. *State v. Jones*, No. 113,810, 2016 WL 3659835, at \*4 (Kan. App. 2016) (unpublished opinion) (*Jones I*). The court noted that this did not impact Jones' criminal history score in Case 2 because his criminal history score would remain an A even without the prior juvenile adjudications. However, Case 1 was impacted and his criminal

history score should have been a B rather than an A. This court remanded for resentencing in Case 1. *Jones I*, 2016 WL 3659835, at *4.

After Jones' 2014 motion, but prior to when this court filed its opinion, Jones filed another motion to correct illegal sentence in Cases 1 and 2. In his second motion, Jones argued the district court's sentence was illegal because it ordered his sentence in Case 1 to run consecutive to his sentence in Case 2. Because his sentence in Case 2 had not yet been imposed, he asserted that the sentence in Case 1 was illegal. He then argued his sentence in Case 2 was illegal because it was consecutive to the allegedly illegal sentence in Case 1. This court agreed with Jones, holding that his consecutive sentence in Case 1 was "technically illegal because a district court is not permitted to order a sentence in one case to be served consecutive to a sentence in another case that has not yet been imposed." *State v. Jones*, No. 115,098, 2017 WL 840248, at *2 (Kan. App. 2017) (unpublished opinion) (*Jones II*). However, the court noted that its holding would have no impact on how much time Jones actually served in prison because his sentence in Case 2 was legal and correctly ordered the two cases to run consecutively. As for Jones' remedy, the court stated:

> "Jones does not challenge the 194-month term he was ordered to serve in [Case 1]; he only challenges the order for consecutive sentencing. This error can be corrected with a journal entry nunc pro tunc. Thus, we vacate the order for consecutive sentencing in [Case 1] and remand with directions for the district court to file a corrected journal entry. The corrected journal entry must specify that the sentence in [Case 1] is consecutive to the sentences in [Cases 3 and 4], but not consecutive to the sentence in [Case 2]." *Jones II*, 2017 WL 840248, at *2.

On remand, Jones filed a motion for special findings. Jones argued that his juvenile adjudications should not be included in his criminal history score. Jones also acknowledged that the statute allows for juvenile adjudications to count towards criminal history; but he argued that the statute was unconstitutional. The district court discussed

3

the procedural history of the cases, noting that the first time the case was heard on appeal this court held that the sentence in Case 1 was illegal and remanded for resentencing. This caused a problem with following this court's second order, which called for a corrected journal entry in Case 1. The district court was unable to correct the sentencing in Case 1 because the original sentence was illegal and Jones had not yet been resentenced in that case. The district court concluded by stating: "[I]t's kind of ironic, it comes full circle and now [Case 1] can be run consecutive to [Case 2], because in both remands the sentence in [Case 2] has been upheld, and it has been remanded for a resentencing on [Case 1]." Jones' counsel agreed with the district court's assessment of the situation.

The district court denied Jones' motion for special findings asking that his juvenile adjudications not be counted in his criminal history score. The district court resentenced Jones in Case 1. The court found Jones' criminal history score to be B and imposed a controlling sentence of 180 months. The sentence was ordered to run consecutive to Cases 2, 3, and 4. Had the sentence been silent regarding Case 2, as Jones argues it should have been, it would have been concurrent. See K.S.A. 2017 Supp. 21-6606. Jones would have only faced an additional 43 months in prison for Case I, instead of the 180 months he now faces. Jones appeals.

ANALYSIS

*On remand it was no longer illegal to run Jones' sentence in Case 1 consecutive to his sentence in Case 2, because Case 2 was final.*

Jones' first argument is that the district court erred in resentencing him "in the exact same manner" as he was originally sentenced because the original sentence was held to be illegal.

4

*Standard of Review*

Appellate courts can correct illegal sentences at any time. Whether a sentence is illegal is an issue of statutory interpretation and subject to unlimited review as a question of law. *State v. Cash*, 293 Kan. 326, 330, 263 P.3d 786 (2011).

*Discussion*

An illegal sentence is defined as:

> "'(1) a sentence imposed by a court without jurisdiction; (2) a sentences that does not conform to the applicable statutory provision, either in character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served. [Citations omitted.]'" *State v. Moncla*, 301 Kan. 549, 551, 343 P.3d 1161 (2015).

Given the procedural history of this case, Jones' argument is unpersuasive. On its face it may appear that the district court resentenced Jones in the exact same manner that led to this court finding the sentence illegal in *Jones II*, 2017 WL 840248; however, that is not the case. In *Jones II*, this court held that Jones' sentence in Case 1 was technically illegal because the district court ordered a sentence to be served consecutively to a sentence that had not yet been imposed. The court vacated Jones' Case 1 sentence and remanded the case for an order nunc pro tunc. 2017 WL 840248, at *2. However, this court's earlier opinion in *Jones I*, 2016 WL 3659835, meant that what should have been a simple nunc pro tunc was not that simple.

In *Jones I*, this court held that the sentence in Case 1 was also illegal because his criminal history was scored incorrectly. 2016 WL 3659835, at *4-5. The court vacated the sentence and remanded it for resentencing. 2016 WL 3659835, at *5. Yet, the district court had not resentenced Jones by the time this court issued the opinion in *Jones II*.

5

Because Jones had not been resentenced after *Jones I*, this court's order to correct the sentence with a nunc pro tunc in *Jones II* could not be completed.

At the point the district court was ready to resentence Jones the situation was as follows: Jones' sentence in Case 2 was legal and in effect. *Jones I*, 2016 WL 3659835, at *5; *Jones II*, 2017 WL 840248, at *2. Jones' sentence in Case 1 was vacated, with resentencing ordered, because it was illegal under *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015). *Jones I*, 2016 WL 3659835, at *5. Jones' original sentence in Case 1 was also vacated as illegal because it was ordered to run consecutive to a case where a sentence was not yet set. This court ordered a nunc pro tunc to correct the problem. *Jones II*, 2017 WL 840248, at *2. When the district court resentenced Jones, it once again ordered Case 1 to run consecutive to Case 2. However, the original problems in *Jones I* and *Jones II* were no longer at issue. Jones was resentenced in Case 1 with a criminal history of B. The issue of Case 1 being ordered to run consecutive to a nonexistent sentence was also no longer an issue because Case 1 was vacated but Case 2 still existed. On resentencing Case 1 could properly be ordered to run consecutive to Case 2; which is exactly what the district court ordered. See *State v. Morningstar*, 299 Kan. 1236, Syl. ¶ 5, 329 P.3d 1093 (2014) ("When a term of imprisonment is vacated on appeal and remanded for resentencing, the district court's authority in setting the length of the new prison term includes determining on remand whether it will run consecutive to the defendant's other terms of imprisonment.").

Jones makes much of the fact that "[t]he substance of the court of appeals ruling controls over the form its ruling takes." That is exactly what happened in this case. The substance of *Jones I* and *Jones II* make it clear that Jones' sentences could run consecutively, so long as the criminal history of Case 1 was corrected and it did not run consecutively to a sentence not yet in existence. See *Jones I*, 2016 WL 3659835, at *5; *Jones II*, 2017 WL 840248, at *2. The district court's resentencing followed the substance of this court's rulings.

6

*The record is not silent as to whether the sentence in Case 1 was to run consecutively to the sentence in Case 2.*

Jones next argues that the district court failed to state that his sentence in Case 1 would run consecutive to his other sentences and therefore it must run concurrent.

Jones cites to K.S.A. 21-4608(a), now found in K.S.A. 2017 Supp. 21-6606(a), which states:

> "When separate sentences of imprisonment for different crimes are imposed on a defendant on the same date . . . such sentences shall run concurrently or consecutively as the court directs. Whenever the record is silent as to the manner in which two or more sentences imposed at the same time shall be served, they shall be served concurrently."

Jones' argument is unpersuasive. The record in this case is not silent as to how his sentence was to be served. The journal entry of resentencing indicates that Case 1 is to run consecutive to Cases 2, 3, and 4. The sentence from the bench can hardly be characterized as silent either. The district court clearly indicated that Jones' "request for a concurrent sentence will be denied." The court went on to say that Jones' sentencing in Case 1 would "run . . . consecutive to [Case 2], and as I originally ordered, consecutively to [Cases 3 and 4]." Because the record was not silent, the presumption for concurrent sentences is not implicated.

*Jones' juvenile adjudication for aggravated robbery was not improperly scored as a personal felony for criminal history purposes.*

*Use of prior juvenile adjudications to enhance criminal history generally.*

Jones first argues that his juvenile adjudication cannot be used to enhance his criminal history. However, under K.S.A. 2017 Supp. 21-6810(d)(3)(B)-(C) prior juvenile adjudications can clearly be used to enhance an individual's criminal history. Further, the Kansas Supreme Court has consistently held that juvenile adjudications may be used to enhance an individual's criminal history. *State v. Fischer*, 288 Kan. 470, 473, 203 P.3d 1269 (2009). This court is duty bound to follow Kansas Supreme Court precedent absent some indication the court is departing from its previous position. *State v. Beck*, 32 Kan. App. 2d 784, 788, 88 P.3d 1233 (2004).

*Scoring juvenile adjudications for criminal history*

Jones also argues that his prior juvenile adjudication for aggravated robbery was improperly calculated as a person felony under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

*Standard of Review*

"Whether a defendant's constitutional rights as described under *Apprendi* were violated by a district court at sentencing raises a question of law subject to unlimited review." *Dickey*, 301 Kan. at 1036. Under *Apprendi*, any fact, other than a prior conviction, that increases the statutorily prescribed maximum sentence must be submitted to a jury and proved beyond a reasonable doubt. *Apprendi*, 530 U.S. at 490. *Apprendi* is implicated when a prior conviction is used to enhance an individual's sentence and the

8

district court must make factual findings that go beyond finding the existence of the conviction itself. *Dickey*, 301 Kan. at 1036.

*Discussion*

Under the KSGA a defendant's sentence is based on two factors: the severity of the current offense and the criminal history score of the defendant. See K.S.A. 2017 Supp. 21-6804(a). Criminal history score is determined by the district judge and is calculated by examining the defendant's prior convictions. Each prior conviction is classified as either a misdemeanor or a felony and as a person or nonperson offense. K.S.A. 2017 Supp. 21-6810. Having more prior person convictions results in a higher criminal history score, which in turn leads to longer prison sentences. See K.S.A. 2017 Supp. 21-6804(a); K.S.A. 2017 Supp. 21-6809.

Prior juvenile adjudications are scored, for the most part, in the same manner as prior adult convictions. See K.S.A. 2017 Supp. 21-6811(f). Under K.S.A. 2017 Supp. 21-6810(d)(3)(B) a juvenile adjudication for an offense committed before July 1, 1993, which would have been a class A, B, or C felony, if committed by an adult, is counted for criminal history purposes. Juvenile adjudications for offenses committed before July 1, 1993, are scored as either person or nonperson crimes by using a "comparable offense under the Kansas criminal code in effect on the date the current crime of conviction was committed." K.S.A. 2017 Supp. 21-6810(d)(3)(B).

In 1989, Jones was adjudicated as a juvenile for aggravated robbery which was "a robbery committed by a person who is armed with a dangerous weapon or who inflicts bodily harm upon any person in the course of such robbery." K.S.A. 21-3427 (Ensley 1988). Aggravated robbery was classified as a class B felony. K.S.A. 21-3427 (Ensley 1988). Robbery was defined as "the taking of property from the person or presence of

another by threat of bodily harm to his person or the person of another or by force." K.S.A. 21-3426 (Ensley 1988).

In 1998, Jones was convicted and sentenced for his crimes in the current case. Aggravated robbery was defined as "a robbery . . . committed by a person who is armed with a dangerous weapon or who inflicts bodily harm upon any person in the course of such robbery." K.S.A. 21-3427 (Furse 2007). Aggravated robbery was a person felony. K.S.A. 21-3427 (Furse 2007). Robbery was defined as "the taking of property from the person or presence of another by force or by threat of bodily harm to any person." K.S.A. 21-3426 (Furse 2007).

A 1989 juvenile adjudication for aggravated robbery is clearly comparable, and is essentially identical, to an aggravated robbery in 1998. See K.S.A. 21-3427 (Ensley 1988); K.S.A. 21-3427 (Furse 2007). The 1989 juvenile adjudication would have been a class B felony if committed by an adult, therefore it is counted for criminal history purposes. See K.S.A. 2017 Supp. 21-6810(d)(3)(B). In 1998, a conviction for aggravated robbery would have been a person felony. K.S.A. 21-3427 (Furse 2007). The district judge did not have to engage in any improper judicial factfinding. Therefore, Jones' prior adjudication for aggravated robbery was properly scored as a person felony and Jones' criminal history was properly calculated.

Affirmed.