(195 P.3d 271)
No. 98,800

State of Kansas, *Appellee*, v. Terri L. Yenzer, *Appellant*.

Opinion filed November 7, 2008.

*Korey A. Kaul,* of Kansas Appellate Defender Office, for appellant.

*Devon Doyle,* legal intern, *Brenda J. Clary,* assistant district attorney, *Charles E. Branson,* district attorney, and *Stephen N. Six,* attorney general, for appellee.

Before Greene, P.J., Green and Caplinger, JJ.

Caplinger, J.: Defendant Terri Yenzer appeals her conviction of obstruction of legal process, alleging the trial court erred in denying her motion to suppress evidence obtained pursuant to an alleged violation of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub. L. 104-191, 110 Stat. 1936 (codified in various sections of 18, 29, and 42 U.S.C.) (1996). Yenzer also contends the trial court improperly enhanced her sentence without requiring her prior criminal history to be proven to a jury beyond a reasonable doubt.

*Factual and procedural background*

Yenzer was charged with obstructing legal process in violation of K.S.A. 21-3808 when she ran from an officer who approached her at her dental office and attempted to verify her identity. Following a short pursuit, Yenzer was apprehended and arrested. Yen-

zer moved to suppress information relating to the time and date of her dental appointments, claiming the information was obtained in violation of her rights under HIPAA.

Yenzer claimed the first violation occurred when she went to a law office to pay a debt and obtain a refund of a money order. In the course of the transaction, Yenzer revealed to the legal assistant that Yenzer could not obtain an identification card because she had an outstanding warrant.

The assistant subsequently contacted the local police and informed them that Yenzer had volunteered that she had an outstanding warrant and that Yenzer would be at her dentist's office for an appointment the following day.

Based upon this information, a police officer attempted to serve the warrant on Yenzer at the dentist's office the following morning. The officer noticed Yenzer's name listed in the appointment book visible on the receptionist's desk. The receptionist advised the officer that Yenzer had cancelled her appointment that day, and provided the officer with the date on which Yenzer had rescheduled her appointment 1 week later.

The officer returned on that date, and when Yenzer appeared, he sought identification. Yenzer misidentified herself and then attempted to run from the officer, resulting in the obstruction charges.

The district court denied Yenzer's motion to suppress, finding that neither the legal assistant nor the receptionist violated HIPAA by providing information to the officer regarding Yenzer's medical appointments. The court also denied Yenzer's renewed motion to suppress at the subsequent bench trial. Yenzer was convicted of obstructing legal process and sentenced to 12 months' probation with an underlying sentence of 10 months.

*Discussion*

On appeal, Yenzer renews her assertion that her HIPAA rights were violated when the legal assistant and receptionist provided law enforcement with information relating to the dates and times of Yenzer's medical appointment. Yenzer claims the district court

erred in denying her motion to suppress this evidence as a result of the violation.

We review the district court's decision on a motion to suppress evidence using a bifurcated standard. Without reweighing evidence, we review the district court's factual findings to determine whether they are supported by substantial competent evidence. We then review the ultimate legal conclusion regarding the suppression of evidence using a de novo standard. *State v. Woolverton*, 284 Kan. 59, 70, 159 P.3d 985 (2007).

The district court conducted a very thorough analysis of the two alleged HIPAA violations and denied Yenzer's motion to suppress after concluding Yenzer's HIPAA rights were not violated by either disclosure. As a result, the district court did not reach the secondary issue of whether the suppression of evidence in a criminal case is an appropriate remedy for a violation of a defendant's HIPAA rights, an issue of first impression in Kansas. However, in this appeal, we find it more expedient to initially address the secondary issue and assume for purposes of discussion that defendant's HIPAA rights were violated by one or both of the disclosures.

A recent Wisconsin case, *State v. Straehler*, 307 Wis. 2d 360, 745 N.W.2d 431 (2007), is instructive. There, a nurse made unauthorized disclosures to police of statements made to the nurse by a defendant charged with driving under the influence. The nurse also provided officers with her impressions regarding the defendant's alcohol consumption.

The Wisconsin court found that the officer's use of the information was subject to HIPAA's exception for law enforcement personnel, and thus not restricted by HIPAA. 307 Wis. 2d at 366-67. See 65 Fed. Reg. 82,462, 82,679 (December 28, 2000). Further, the court concluded that even if HIPAA did apply to the officer's use of the information, the court would not suppress the evidence because "[s]uppression is warranted only when evidence has been obtained in violation of a defendant's constitutional rights or if a statute specifically provides for suppression as a remedy." 307 Wis. 2d at 368. The court noted that the defendant did not make an argument for suppression on constitutional grounds and HIPAA does not specifically provide for suppression. 307 Wis. 2d at 368.

To the contrary, the court held that "under the HIPAA statutory authority, we cannot impose sanctions on law enforcement officials or require suppression of evidence." 307 Wis. 2d at 368 (quoting 65 Fed. Reg. at 82,679).

Similarly, in this case Yenzer has not made a constitutional claim warranting suppression. Nor has she presented any authority to support her assertion that suppression is a proper remedy for a HIPAA violation. While we do not condone the disclosure of information that occurred here, we must conclude that even if Yenzer could show a HIPAA violation, the district court did not err in denying Yenzer's motion to suppress.

Finally, Yenzer contends the district court violated her right to due process, as recognized by *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), when it used her criminal history score to enhance her sentence without requiring her criminal history to be included in the complaint, tried to a jury, and proven beyond a reasonable doubt.

Our Supreme Court rejected this argument in *State v. Ivory*, 273 Kan. 44, 47-48, 41 P.3d 781 (2002), and we are bound by this precedent absent an indication of a change in the court's position. *State v. Beck*, 32 Kan. App. 2d 784, 788, 88 P.3d 1233, *rev. denied* 278 Kan. 847 (2004). The Supreme Court recently confirmed that "*Ivory* remains good law." *State v. Fewell*, 286 Kan. 370, 396, 184 P.3d 903 (2008).

Affirmed.