MORRIS, Judge.
 

 The State appeals an order granting Orquídea Fernandez’s motion to suppress evidence in the State’s prosecution against her for six counts of fraudulently obtaining a controlled substance and five counts of trafficking in illegal drugs. Because the issue of Fernandez’s standing has not yet been addressed by the trial court, we have an inadequate record upon which to reach the central issue in this case — whether the search and seizure of the prescriptions on which the charges are based were unlawful. Accordingly, we reverse and remand for further proceedings consistent with this opinion.
 

 Fernandez filed a motion to suppress call-in and handwritten prescriptions, statements made by employees of two pharmacies, and statements made by a particular doctor on the basis that the evidence was obtained as a result of an illegal search and seizure in violation of her right to privacy under the Fourth Amendment and the Florida Constitution. She alleged that her prescriptions, which were obtained from a pharmacy without a warrant, were medical records protected under Florida law by section 395.3025(4)(d), Florida Statutes (2007).
 
 [1]
 
 She argued that section 893.07(4), Florida Statutes (2007),
 
 [2]
 
 is unconstitutional as applied to the inspection and seizure of her prescriptions.
 

 At the suppression hearing, the State presented the testimony of Detective
 
 *122
 
 Wayne Robinson. He testified that he received information from several people who had been arrested that Fernandez was writing and receiving prescriptions illegally from a pharmacy. During his investigation, he went to one of the pharmacies and was informed by the pharmacist that Fernandez had “[f]ive prescriptions for controlled substances that were allegedly authorized by” a particular doctor. Detective Robinson learned that Fernandez had worked for that doctor. Detective Robinson met with the doctor, who stated that he had not written the prescriptions at issue.
 

 After the evidence was presented, the trial court stated that medical records are protected by section 395.8025(4)(d). The State responded that a prescription is not a medical record and that section 893.07(4) allows law enforcement to search and seize a prescription without a subpoena or warrant. The State also argued that there is no reasonable expectation of privacy with respect to completed prescriptions in possession of a pharmacy. The defense claimed that under section 456.057, Florida Statutes (2007), prescriptions are medical records because pharmacists maintain prescriptions. The trial court then inquired whether a fraudulent record is a medical record, but the defense did not have an answer to that question. The defense argued that no authority allows the police to violate the Fourth Amendment with respect to medical records and that section 893.07(4) is unconstitutional.
 

 In a written order, the trial court suppressed the evidence on the basis that the prescriptions constituted confidential patient records, citing
 
 Whalen v. Roe,
 
 429 U.S. 589, 97 S.Ct. 869, 51 L.Ed.2d 64 (1977), and section 395.3025(4). The trial court concluded that Fernandez had a reasonable expectation of privacy in the prescriptions under the Fourth Amendment and Article I, Section 12, of the Florida Constitution and that her privacy rights were violated when Detective Robinson searched the prescription records without a warrant or subpoena. The trial court concluded that section 893.07(4) does not authorize the search and seizure of prescriptions without a warrant or subpoena; rather, it provides a time limit for law enforcement to copy and inspect a patient’s records upon the issuance of either a warrant or subpoena. The trial court noted that section 893.07(4) appears overly broad and contains no checks and balances to protect a patient’s privacy, but the trial court did not rule on its constitutionality.
 

 On appeal, the State argues that section 893.07(4) applies to the inspection and copying of prescription records and does not require a subpoena or warrant for law enforcement to access such records. The State claims that section 395.3025(4) does not apply to pharmacies. We note that the First District recently held that section 395.3025 does not apply to pharmacy records provided by the pharmacy to police during a “doctor shopping” investigation.
 
 See State v. Carter,
 
 23 So.3d 798 (Fla. 1st DCA 2009). The court held that section 893.07(4) applied and that it did not require pharmacies to “withhold such records until a warrant is presented.”
 
 Id.
 
 We do not reach the application of sections 395.3025(4) or 893.07(4) to the instant case, however, because further proceedings are necessary to determine whether Fernandez had a reasonable expectation of privacy in the prescriptions.
 
 [3]
 

 
 *123
 
 The State argues for the first time on appeal that due to the fraudulent nature of the prescriptions, Fernandez has no privacy right in the prescriptions.
 
 [4]
 
 The State does not use the word
 
 standing.
 
 However, in challenging the trial court’s conclusion that the prescriptions constitute confidential patient records, the State argues on appeal that because the prescriptions were not prepared by a medical doctor or in response to a medical condition, they do not constitute prescriptions “as that term is generally understood.” The State contends that “[g]iven the fraudulent nature of the ‘prescriptions’ obtained in this case, any claimed medical right to privacy is inapplicable.” This is a
 
 standing
 
 argument that may be raised for the first time on appeal.
 
 See Hicks v. State,
 
 929 So.2d 13, 16, 16 n. 3 (Fla. 2d DCA 2006) (noting that the term
 
 standing
 
 is used when determining whether the defendant’s constitutional rights were violated, which includes the threshold inquiry of whether the defendant has a reasonable expectation of privacy);
 
 McCauley v. State,
 
 842 So.2d 897, 900 (Fla. 2d DCA 2003) (“Although this point was not argued by the State at the hearing on the motion, the concept of standing has been subsumed into Fourth Amendment issues and can be raised for the first time on appeal.”);
 
 State v. Lennon,
 
 963 So.2d 765, 769 (Fla. 3d DCA 2007) (“Although not presented below by the State, the issue of standing may be properly addressed for the first time on appeal.”).
 

 There may be merit to the State’s claim that Fernandez lacks a reasonable expectation of privacy in the prescriptions if they were not in fact authorized by the doctor.
 
 Cf. Hicks,
 
 929 So.2d at 16 (holding that defendant had no reasonable expectation of privacy in stolen item because he did not lawfully possess it; therefore, he was not entitled to suppression of stolen item in a prosecution for offenses relating to stolen item);
 
 Lennon,
 
 963 So.2d at 770 (same). However, because this specific issue was never argued to the trial court below, the trial court never made any specific factual findings regarding whether the prescriptions were authorized and, if so, whether Fernandez had a reasonable expectation of privacy in them. The parties should be given a chance to fully address this issue.
 
 See McCauley,
 
 842 So.2d at 900. Accordingly, we reverse the order suppressing the evidence and remand for further proceedings. If Fernandez wishes to pursue her motion to suppress, the trial court shall hold a hearing on the issue of standing, at which time Fernandez will have the burden to establish that she had a reasonable expectation of privacy in the prescriptions.
 
 See Rakas v. Illinois,
 
 439
 
 *124
 
 U.S. 128, 130 n. 1, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978);
 
 Hicks,
 
 929 So.2d at 16.
 

 Reversed and remanded.
 

 SILBERMAN, J., Concurs.
 

 FULMER, CAROLYN K, Senior Judge, Concurs in result only.
 

 [1]
 

 . Section 395.3025 provides in relevant part:
 

 (4) Patient records are confidential and must not be disclosed without the consent of the person to whom they pertain but appropriate disclosure may be made without such consent to:
 

 [[Image here]]
 

 (d) In any civil or criminal action, unless otherwise prohibited by law, upon the issuance of a subpoena from a court of competent jurisdiction and proper notice by the party seeking such records to the patient or his or her legal representative.
 

 [2]
 

 . Section 893.07 provides in relevant part:
 

 (4) Every inventory or record required by this chapter, including prescription records, shall be maintained:
 

 (a) Separately from all other records of the registrant, or
 

 (b) Alternatively, in the case of Schedule III, IV, or V controlled substances, in such form that information required by this chapter is readily retrievable from the ordinary business records of the registrant.
 

 In either case, records shall be kept and made available for a period of at least 2 years for inspection and copying by law enforcement officers whose duty it is to enforce the laws of this state relating to controlled substances.
 

 [3]
 

 . In order to be entitled to application of the exclusionary rule for a violation of section 395.3025(4), Fernandez has to show that a constitutional violation occurred.
 
 See State v. Johnson,
 
 814 So.2d 390, 392 n. 3 (Fla.2002) ("[T]he exclusionary rule prevents the State from taking advantage of evidence obtained
 
 *123
 
 through a constitutional violation by excluding the use of such evidence.”).
 

 [4]
 

 . As noted above, the State argued at the suppression hearing that there is no reasonable expectation of privacy with respect to completed prescriptions in possession of the pharmacy, citing
 
 Cushing v. Department of Professional Regulation,
 
 416 So.2d 1197, 1198 (Fla. 3d DCA 1982), which held that a dentist charged administratively with improperly prescribing drugs “had no reasonable expectation of privacy with respect to the completed prescriptions in the possession of the pharmacy and therefore may not” challenge the search of the pharmacy. We note that even though the State does not raise this specific argument on appeal, in order to establish a Fourth Amendment violation in the detective’s inspection of her prescriptions, Fernandez must establish that she had a reasonable expectation of privacy in the location of the pharmacy.
 
 See United States v. Salvucci,
 
 448 U.S. 83, 93, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980) (holding that a defendant claiming an illegal search under the Fourth Amendment must prove "a possessory interest in the items seized”
 
 and
 
 "an expectation of privacy in the area searched”). The trial court did not address this specific issue below.