KHOUZAM, Judge.
 

 The State appeals an order granting Kellie D. Johnson’s motion to suppress evidence obtained from a pharmacy without a subpoena or search warrant. Because the trial court applied the incorrect statute in deciding to suppress the evidence, and because the court did not address the issue of whether Johnson had standing to contest the search and seizure of her prescription records, we reverse the order and remand for further proceedings consistent with this opinion.
 

 Johnson filed a motion to suppress arguing, among other things, that a detective had obtained her prescription records from a pharmacy in violation of section 456.057, Florida Statutes (2008). At the suppression hearing, the detective testified that she received a complaint that Johnson and her boyfriend were selling oxycodone from their residence. The detective sent a fax to local pharmacies requesting the prescription profiles for Johnson and her boyfriend. A pharmacy provided the detective with Johnson’s prescription profile, which has the date the prescription was written, the name of the drug prescribed, and the name of the prescribing doctor. The profile indicated that Johnson had received a substantial amount of oxycodone within a thirty-day period from the same doctor. The doctor, however, told the detective that he did not write the prescriptions. The detective then obtained Johnson’s prescriptions from the pharmacy.
 

 
 *905
 
 Johnson contended that the detective had to obtain a subpoena before seizing her prescription records. The State responded that the prescriptions were “completely and totally fake, and therefore it’s the State’s position that the defendant has no expectation of privacy in these records at all.” The trial court entered an order granting the motion to suppress on the basis that section “456.057 applies to pharmacies which are subject to the confidentiality and disclosure requirements per 456.057(7).”
 

 Section 456.057(7) provides that patient consent or a subpoena is necessary before law enforcement may obtain patient records. The statute applies to “health care practitioner[s]” but specifically excludes pharmacies and pharmacists.
 
 See
 
 § 456.057(2)(b);
 
 State v. Bean,
 
 36 So.3d 116, 118 (Fla. 2d DCA 2010) (finding that “pharmacists are expressly excluded from the definition of ‘health care practitioner,’ although they may be regulated as maintainers of records” under the statute). Therefore, the trial court erred in suppressing Johnson’s prescription records based on section 456.057(7).
 

 The trial court also did not address the issue of whether Johnson had standing to challenge the search and seizure of her prescription records. In
 
 State v. Fernandez,
 
 36 So.3d 120 (Fla. 2d DCA 2010),
 
 [1]
 
 this court reversed a suppression order finding that there might be merit to the State’s claim that the defendant lacked a reasonable expectation of privacy in the prescriptions if they were fraudulent. This court found that because the issue of standing was not argued below, “the trial court never made any specific factual findings regarding whether the prescriptions were authorized and, if so, whether [the defendant] had a reasonable expectation of privacy in them.”
 
 Id.
 
 at 123. As in
 
 Fernandez,
 
 the trial court here failed to make any findings as to whether Johnson’s prescriptions were authorized and, if so, whether Johnson had a reasonable expectation of privacy in them.
 

 Accordingly, we reverse the order suppressing the evidence and remand for further proceedings. On remand, if Johnson pursues her motion to suppress, the trial court should make an express ruling on the issue of whether Johnson has a reasonable expectation of privacy in the prescriptions.
 

 Reversed and remanded for further proceedings.
 

 DAVIS and CRENSHAW, JJ., Concur.
 

 [1]
 

 . We note that the trial court did not have the benefit of the
 
 Fernandez
 
 decision at the time of the suppression hearing.