WHATLEY, Judge.
The State appeals the order granting Rachel Yutzy’s motion to suppress the prescription records obtained by Corporal Ka-noski from several pharmacies during his investigation of allegations that Yutzy obtained a controlled substance from a physician by withholding information.
In the order, the trial court ruled that the corporal’s actions contravened sections 395.3025(4)(d) and 456.057(7)(a)(3), Florida Statutes (2007), and constituted an unreasonable search under the Fourth Amendment that violated Yutzy’s reasonable expectation of privacy in her pharmaceutical records. At the time of the hearing on Yutzy’s motion to suppress, the trial court did not have the benefit of our recent opinion that is directly on point, State v. Tamulonis, 39 So.3d 524 (Fla. 2d DCA 2010), or the First District’s decision in State v. Carter, 23 So.3d 798 (Fla. 1st DCA 2009), which we relied upon in Tamulonis. Both of these opinions address all of the findings in the trial court’s order and mandate reversal.
In Tamulonis, this court held that neither section 395.3025(4)(d) (applying to licensed facilities, the definition of which does not include pharmacies) nor section 456.057(7)(a)(3) (regulating health care practitioners, the definition of which expressly excludes pharmacists) required law enforcement to obtain a subpoena before procuring a patient’s pharmacy records. Rather, section 893.07(4), Florida Statutes (2007), which requires pharmacists to maintain controlled substance records for at least two years “for inspection and copying by law enforcement officers,” provides the authority for law enforcement to obtain pharmacy records regarding controlled substances without a warrant or notification to the patient. Tamulonis, 39 So.3d at 527; Carter, 23 So.3d at 799. And because section 893.07(4) is narrowly tailored to effectuate the compelling state interest in regulating controlled substances, it does not violate Florida’s constitutional right to privacy. Art. I, § 23, Fla. Const. See Tamulonis, 39 So.3d at 528.
Accordingly, we reverse the order granting Yutzy’s motion to suppress and remand for further proceedings.
CASANUEVA, C.J., and KHOUZAM, J., Concur.