DAVIS, Judge.
The State challenges the trial court’s order granting Rocky Lee Shukitis’ motion to suppress evidence at his trial on several drug offenses, including three counts of obtaining drugs from a physician by withholding evidence, as well as trafficking and possession charges. Because the trial court applied the wrong statute below, we reverse for further proceedings.
The charges against Shukitis arose after an undercover officer purchased Oxyco-done and Xanax pills from Shukitis. Officers then obtained, without subpoenas or search warrants, Shukitis’ patient profiles from two area pharmacies. From those profiles, law enforcement learned that Shukitis had been seeing two local doctors, each of whom worked out of a different clinic. According to Shukitis’ motion to suppress, officers then contacted the doctors, who provided them with “information regarding the defendant’s medical treatment, such as his lists of medication and ... the fact that the defendant allegedly had a medical appointment” at one of the clinics on a certain day. This information again was obtained without the use of a subpoena or a search warrant. On the day of Shukitis’ scheduled appointment, the investigating officer followed Shukitis from the clinic to a pharmacy, where Shukitis filled a prescription. The officer placed Shukitis under arrest and, upon searching him, found marijuana and Oxycodone on his person.
Prior to trial, Shukitis filed a motion to suppress, arguing that the medical information obtained from the pharmacies and the doctors — as well as the drugs found on him and his subsequent confession — should be excluded because the evidence was obtained without subpoenas or search warrants. To support this contention, Shuki-tis relied on sections 456.057(7)(a)(3) and 395.3025(4)(d), Florida Statutes (2008). In his motion to suppress, Shukitis cited section 456.057(7)(a)(3) and argued that “a physician may not disclose the medical records nor discuss the medical condition of a patient except upon the written authorization of the patient [or] upon issuance of a subpoena from a court of competent jurisdiction and with proper notice to the patient.” Relying on section 395.3025, Shuki-tis further argued in his motion that
patient records are confidential and must not be disclosed without the consent of the person to whom they pertain, but appropriate disclosure may be made without such consent in any civil or criminal action, unless otherwise prohibited by law, upon the issuance of a subpoena from a court of competent jurisdiction and proper notice to the patient.
The State, however, argued below that the instant records were obtained pursuant to section 893.07(4), Florida Statutes (2008), which provides as follows:
Every inventory or record required" by this chapter, including prescription records, shall be maintained:
(a) Separately from all other records of the registrant, or
*408 (b) Alternatively, in the ease of Schedule III, IV, or V controlled substances, in such form that information required by this chapter is readily retrievable from the ordinary business records of the registrant.
In either case, records shall be kept and made available for a period of at least 2 years for inspection and copying by law enforcement officers whose duty it is to enforce the laws of this state relating to controlled substances.
It is the State’s position that this statute allows law enforcement to obtain copies of pharmacy records of prescriptions for controlled substances, like Oxycodone, without a subpoena or a warrant.
In its suppression order, the trial court concluded that the issues here were governed by chapter 395 and that Shukitis’ records were obtained illegally because law enforcement had neither obtained his consent nor used subpoenas. As such, the court granted the motion to suppress the lists of Shukitis’ prescribed medications and information about his treatment, the date and time of his clinic appointment, the marijuana and Oxycodone found on him at the time of his arrest, and his confession subsequent to arrest.
Initially, we note that this court already has concluded that section 395.3025 does not apply to pharmacies but rather “applies to ‘licensed facilities],’ which are defined as ‘hospital[s], ambulatory surgical center[s], or mobile surgical facilities]’ ” in section 395.002(16). See State v. Tamulonis, 39 So.3d 524, 527 (Fla. 2d DCA 2010) (alteration in original). As such, the trial court here erred in applying section 395.3025 to Shukitis’ records that were obtained from the pharmacies.
In Tamulonis, this court also concluded that section 893.07(4) allows for controlled substance records to be obtained by “law enforcement officers whose duty it is to enforce the laws of this state relating to controlled substances” without a search warrant, a subpoena, or patient consent. Tamulonis, 39 So.3d at 527. In so concluding, this court adopted the following reasoning of the First District in State v. Carter, 23 So.3d 798, 800 (Fla. 1st DCA 2009):
The statute does not require a subpoena, warrant, or prior notice to the patient. ...
... If the [legislature intended to require pharmacies to notify patients in connection with section 893.07, the legislature would have included this requirement in the statute, as it did in statutes governing disclosure by other health care entities. See § 395.3025, Fla. Stat. (hospitals); §§ 400.0077 & 400.022(l)(m), Fla. Stat. (nursing homes); and § 456.057(7), Fla. Stat. (physicians).
Accordingly, it was error for the trial court to grant the suppression of Shukitis’ pharmacy records based on its application of section 395.3025.
The trial court also erred in applying section 395.3025 to the information obtained from Shukitis’ physicians. Again, the clinics where these physicians worked are not “hospitals], ambulatory surgical center[s], or mobile surgical faeility[ies].” See § 395.002(16).
However, in his motion to suppress, Shukitis challenged the inclusion of the physician information pursuant to section 456.057(7)(a)(3). That section provides as follows:
(7)(a) Except as otherwise provided in this section and in s. 440.13(4)(c), such records may not be furnished to, and the medical condition of a patient may not be discussed with, any person other than the patient or the patient’s legal representative or other health care practition *409 ers and providers involved in the care or treatment of the patient, except upon written authorization of the patient. However, such records may be furnished without written authorization under the following circumstances:
[[Image here]]
3. In any civil or criminal action, unless otherwise prohibited by law, upon the issuance of a subpoena from a court of competent jurisdiction and proper notice to the patient or the patient’s legal representative by the party seeking such records.
(Emphasis added.)
Section 456.057(6) defines “such records” as “reports and records relating to ... examination or treatment [of the patient], including x-rays and insurance information.” Section 456.057(1) explains that this statute applies to “health care practitioners],” and section 456.057(2)(b) specifically exempts “[p]harmaeists and pharmacies” from the term “health care practitioner.” Although section 456.057 seems to be a valid basis to suppress some or all of the information obtained from Shukitis’ physicians, the trial court failed to address this statute in its order. This was error.
As such, we reverse the trial court’s order with regard to both the pharmacy records and the physician information because the trial court applied the wrong statute when determining that the information should be suppressed. We remand with instructions to deny the motion to suppress as to the pharmacy records, to reconsider the suppression of the physician information applying section 456.057(7)(a), and to make specific findings as to which portions of the physician information amounted to “reports and records relating to [the] ... examination and treatment” of Shukitis. See § 456.057(6). It will also be necessary for the trial court to reconsider its suppression of the drugs found on Shukitis at the time of his arrest and his subsequent confession.
Reversed and remanded.
NORTHCUTT and LaROSE, JJ., Concur.