WHATLEY, Judge.
 

 The State of Florida appeals a circuit court order granting a motion to suppress
 
 *267
 
 filed by Terry, Ricky, and Jacob Here. The Hercs were charged in a twenty-nine count information with one count each of trafficking in illegal drugs and multiple counts of obtaining drugs from a physician by withholding information. The trial court granted the Hercs’ motion to suppress pharmacy records based on its finding that detectives improperly obtained the Hercs’ pharmacy records without first notifying the Hercs or obtaining a warrant as required by section 456.057, Florida Statutes (2008).
 

 On appeal, the Hercs concede that the trial court did not have the benefit of several recent cases directly on point including
 
 State v. Tamulonis,
 
 89 So.3d 524, 528 (Fla. 2d DCA 2010), and
 
 State v. Carter,
 
 23 So.3d 798, 799 (Fla. 1st DCA 2009), which held that pursuant to section 893.07(4), Florida Statutes, law enforcement officers may obtain controlled substance records of pharmacies without notifying the patient or obtaining a warrant.
 
 See also State v. Shukitis,
 
 60 So.3d 406, 408 (Fla. 2d DCA 2010);
 
 State v. Yutzy,
 
 43 So.3d 910, 911 (Fla. 2d DCA 2010). We therefore reverse the order suppressing the pharmacy records of the Hercs.
 

 Although the Hercs concede that detectives were not required to obtain their consent or a warrant before obtaining the pharmacy records, they argue that their consent and a warrant were necessary to obtain their physicians’ records pursuant to section 456.057(7). Section 456.057(7)(a) provides as follows:
 

 Except as otherwise provided in this section and in s. 440.13(4)(c), such records may not be furnished to, and the medical condition of a patient may not be discussed with, any person other than the patient or the patient’s legal representative or other health care practitioners and providers involved in the care or treatment of the patient, except upon written authorization of the patient. However, such records may be furnished without written authorization under the following circumstances:
 

 [[Image here]]
 

 3. In any civil or criminal action, unless otherwise prohibited by law, upon the issuance of a subpoena from a court of competent jurisdiction and proper notice to the patient or the patient’s legal representative by the party seeking such records.
 

 Section 456.057(6) defines such records as “reports and records relating to ... examination or treatment [of the patient.]”
 
 See Shukitis,
 
 60 So.3d at 409. At issue in the present case is the testimony of Detective Fowler that, once he received the pharmacy records, he contacted the physicians’ offices and asked them if they were aware that the individual was seeing another doctor for a prescription of a controlled medication. If the answer was no, the detective would ask, “Well, knowing that they’ve seen one, would you have continued to prescribe them medications?” The trial court failed to address whether Detective Fowler’s testimony involved medical records as defined in section 456.057(6). We therefore remand this case for the trial court to determine whether the above statements are subject to suppression.
 
 See Shukitis,
 
 60 So.3d at 409.
 

 Accordingly, we reverse the trial court’s order suppressing the Hercs’ pharmacy records and remand the case for the trial court to determine whether the physicians’ statements to Detective Fowler should be suppressed.
 

 Reversed and remanded with directions.
 

 NORTHCUTT and MORRIS, JJ, Concur.