KHOUZAM, Judge.
The State appeals an order granting Benny Albritton’s motion to suppress the controlled substance records obtained by law enforcement from several pharmacies. Albritton was charged with trafficking in illegal drugs and eleven counts of obtaining a controlled substance from a physician by withholding information. The trial court found that Albritton’s pharmacy records were protected by section 395.3025(4)(d), Florida Statutes (2007 & 2008).
In State v. Tamulonis, 39 So.3d 524, 527 (Fla. 2d DCA 2010), cert. denied, 52 So.3d 662 (Fla. Jan.3, 2011), however, this court determined that section 395.3025 did not apply to pharmacies. Instead, section 893.07(4), Florida Statutes (2007 & 2008), which requires pharmacists to maintain controlled substance records for at least two years “for inspection and copying by law enforcement officers whose duty it is to enforce the laws of this state relating to controlled substances,” authorizes law enforcement to obtain controlled substance records from pharmacies without a warrant or subpoena. Tamulonis, 39 So.3d at 527-28;[1] see State v. Carter, 23 So.3d 798, 799 (Fla. 1st DCA 2009). We are mindful of the dissent’s concerns regarding an individual’s privacy interest in his or her prescription records for controlled substances; however, we determined in Tamulonis that section 893.07(4) does not violate Florida’s constitutional right of privacy because the statute is narrowly tailored to achieve the State’s compelling interest in regulating controlled substances. 39 So.3d at 528; see State v. Yutzy, 43 So.3d 910 (Fla. 2d DCA 2010).
Therefore, as in Tamulonis, 39 So.3d at 528, we reverse the order granting Albrit-ton’s motion to suppress and remand for further proceedings.
Reversed and remanded.
VILLANTI, J., Concurs.
ALTENBERND, J., Concurs in part and dissents in part with opinion.

. We respectfully disagree with the dissent’s assertion that Tamulonis was "indistinguishable” from State v. Bean, 36 So.3d 116 (Fla. 2d DCA 2010). The prescription for oxyco-done in Bean allegedly had been forged. Id. at 117. The State contended on appeal that Bean lacked standing to contest the search and seizure of his records because he did not have a reasonable expectation of privacy in forged documents. Id. at 119. The prescriptions for controlled substances in Tamulonis, however, were not fraudulent. See 39 So.3d at 526.