PER CURIAM.
Jessica Wright was charged with withholding information from a medical practitioner in violation of subsections 893.13(7)(a)8. and 9., Florida Statutes (2009). Wright moved to suppress evidence secured by a deputy who had received an anonymous tip that Wright was doctor shopping. The deputy went to several pharmacies and obtained records that allowed him to determine that Wright had obtained the same controlled substances from two doctors within 30 days. Based on this information, the deputy contacted the two doctors and learned that Wright had not disclosed to either doctor that she had received a prescription from the other. The trial court granted Wright’s motion to suppress.
We agree with the analysis of our sister courts that the deputy’s obtaining of the pharmacy records was authorized by section 893.07(4), Florida Statutes (2009), and that the statute does not violate Article I, Section 23 of the Florida Constitution. See State v. Carter, 23 So.3d 798 (Fla. 1st DCA 2009); State v. Tamulonis, 39 So.3d 524 (Fla. 2d DCA 2010); State v. Yutzy, 43 So.3d 910 (Fla. 2d DCA 2010); Hendley v. State, 58 So.3d 296 (Fla. 2d DCA 2011). We therefore reverse the order as it applies to the pharmacy records. On re *264 mand the circuit court may hold further hearings and consider whether or not the information obtained from the physicians violated section 456.057, Florida Statutes (2009). See State v. Herc, — So.3d -, 2011 WL 116001 (Fla. 2d DCA 2011); State v. Shukitis, 60 So.3d 406, 2010 WL 4365761 (Fla. 2d DCA 2010).

Reversed and remanded.

GROSS, C.J., STEVENSON and GERBER, JJ., concur.