DAVIS, Judge.
The State challenges the trial court’s order granting David Keith Thompson’s motion to suppress evidence at his trial on two counts of obtaining drugs from a physician by withholding information. We reverse.
Law enforcement first became aware of Thompson when they discovered a pharmacy receipt with Thompson’s name on it while searching a vehicle in an unrelated case. Police then obtained Thompson’s pharmacy records from two local pharmacies and discovered that he was receiving prescriptions for the same drugs from two different doctors. He was charged with two counts of obtaining drugs from a physician by withholding information.
Thompson moved to suppress
any and all evidence found as a result of law enforcement’s unlawful search and seizure of [his] personal and confidential medical records from his medical physicians, specifically a list of [his] prescribed medications from November 2008 to January 2009 obtained from Promise Pharmacy, Bay Area Pharmacy, ... Dr. Langee, and Dr. Nasim which were unlawfully obtained and seized in violation of [his] right to privacy-
In his motion to suppress, Thompson also alleged that the information provided by the pharmacies included a list of controlled substances obtained by him, with the dates on which they were procured and the *247 amounts received. However, Thompson also alleged that the dates in November 2008 on which he obtained drugs directly from Dr. Langee’s office were provided to law enforcement solely by Dr. Langee’s office manager.
Thompson argued below that this search violated his rights under the federal Health Insurance Portability and Accountability Act (HIPAA) and sections 456.057(7) and 395.3025(4)(d), Florida Statutes (2008).
In granting Thompson’s motion to suppress, the trial court entered a written order that made no factual findings or conclusions of law. However, at the suppression hearing, the trial court did express its belief that pharmacy records “come[] under” section 456.057(7). But the court did not make any specific findings regarding the information police obtained directly from Dr. Langee’s office.
With regard to the information obtained by law enforcement from the pharmacies, this court already has determined that law enforcement does not violate either section 456.057(7) or section 395.3025(4)(d) by obtaining a person’s pharmaceutical records without a subpoena, a search warrant, or the consent of the individual. See State v. Tamulonis, 39 So.3d 524, 527 (Fla. 2d DCA 2010) (noting that “section 456.057 regulates health care praetitioners[ ] and [that] pharmacists and pharmacies are expressly excluded from the definition of ‘health care practitioner’ ” and stating that section 395.3025 “applies to ‘licensed facilities],’ ” a phrase which does not include pharmacies in its statutory definition (last alteration in the original)), review denied, 52 So.3d 662 (Fla.2011).
Additionally, we agree with the State that the instant search of Thompson’s pharmacy records does not violate the HI-PAA statute. HIPAA, by its own language, exempts disclosure of individually identifiable medical information “for law enforcement purposes ... [p]ursuant to process and as otherwise required by law.” 45 C.F.R. § 164.512(f)(1) (emphasis added). With regard to pharmaceutical records,
[s]ection 893.07[, Florida Statutes,] requires pharmacists to maintain controlled substance records, including prescription records, and to make the records “available for a period of at least 2 years for inspection and copying by law enforcement officers whose duty it is to enforce the laws of this state relating to controlled substances.” § 893.07(4).
Tamulonis, 39 So.3d at 527.
In Tamulonis, this court adopted the First District’s conclusion in State v. Carter, 23 So.3d 798, 800 (Fla. 1st DCA 2009), that section 893.07 “ ‘does not require a subpoena, warrant, or prior notice to the patient.’ ” 39 So.2d at 527. Because section 893.07 requires a pharmacy to make its controlled substance records available to law enforcement officers enforcing controlled substance laws without need for a subpoena, warrant, or prior notice of the patient, disclosure of these records by pharmacists and pharmacies to law enforcement does not implicate HIPAA.
Because the search here of Thompson’s pharmacy records did not violate HIPAA or sections 456.057(7) and 395.3025(4)(d), we reverse the portion of the trial court’s order suppressing the evidence obtained from the pharmacies.
We turn now to the information obtained by law enforcement from Dr. Langee’s office. This information, which consisted of the dates on which Thompson obtained certain drugs from Dr. Langee, may have been properly suppressed under section 456.057(6), (7)(a)(3). When read together, these subsections provide that “reports *248 and records relating to ... examination or treatment [of a patient], including x-rays and insurance information” “may not be furnished to ... any person other than the patient or the patient’s legal representative ... except upon written authorization of the patient [or] in any ... criminal action ... upon the issuance of a subpoena from a court of competent jurisdiction and proper notice to the patient.” Id. Furthermore, if disclosure of this information is not required by the Florida Statutes, the information may not be exempt from HI-PAA.
As such, on remand the trial court shall reconsider the suppression of the physician information and make specific findings as to whether any of that information amounts to “reports and records relating to [the] ... examination and treatment” of Thompson and whether disclosure of the information is prohibited by HIPAA. See State v. Shukitis, 60 So.3d 406, 409 (Fla. 2d DCA 2010); cf. Mullis v. State, — So.3d -, 2011 WL 3962910 (Fla. 2d DCA 2011) (reversing as to trial court’s factual findings that certain physician’s records did not amount to treatment records under section 456.057).
Finally, we note that Thompson argues on appeal that because the State failed to stipulate to any facts or present any evidence below, it has not met its burden of proving the legality of the instant warrant-less search. See Palmer v. State, 753 So.2d 679, 680 (Fla. 2d DCA 2000) (“[0]nce the defendant establishes that the search was conducted without a warrant, the burden shifts to the State to produce clear and convincing evidence that the warrantless search was legal.”). Thompson maintains that because at the suppression hearing, the State failed to present any evidence or stipulate to the facts alleged in the motion to suppress, the State cannot now complain that the trial court denied the motion as there was no clear and convincing, evidence upon which it could grant the motion. We conclude, however, that this argument is without merit because our review of the record suggests that the transcript can be read to indicate that the prosecutor did indeed stipulate to the facts presented in Thompson’s motion to suppress.[1]
Reversed and remanded.
ALTENBERND and WALLACE, JJ., Concur.

. At one point, the trial judge said, "I think if you’re going to appeal, there needs to be some type of stipulation or agreement as to the facts so — ." Although the court continued that sentence, it was at that point that the prosecutor interrupted and stated, "I can do that.”